THE PEOPLE *ex relatione* B. L. Woolley, *vs.* C. BAKER, sheriff of Jefferson county.

In the *redemption of lands* sold under execution, a *second* or *subsequent creditor* who redeems after a redemption already made, must present the evidences of his right to redeem and make payment of the moneys necessary to be paid to the *last redeeming creditor*, or to the *officer* who made the sale ; payment to the *original purchaser* in such case is not sufficient.

Payment to a deputy sheriff who made the sale is good, although the *term of office* of his *principal* has expired.

Payment in a check on a bank is not good ; money or its equivalent must be paid.

MANDAMUS. This was an application for a mandamus, commanding the sheriff of Jefferson to execute a deed of certain premises, sold by virtue of an execution against the *Brownville Cotton Factory*, struck off at public vendue to W. Averill, and claimed to have been redeemed by the relator. On the 23d *December*, 1837, the premises in question were sold by a deputy of the sheriff of Jefferson county by virtue of an execution against the Brownville Cotton Factory, issued on a judgment for $2,785.20, docketed on the 21*st August*, 1837, *at* 10 *o'clock*, *A. M.*, and struck off to *William Averill*, for the sum of $500. Previous to the expiration of the fifteen months, the time allowed by law for redemption, to wit, on the 11th March, 1839, the *relator* produced to the *deputy sheriff* who had sold the premises, the proper vouchers showing that he was the *assignee* of a judgment against the same defendants, for the sum of $2,805.32, docketed *two hours* subsequent to the docket of the judgment under which the premises were sold, and paid to the deputy sheriff the sum bid by Averill, together with the interest thereof. This payment was made in a check on a bank, which was received by the deputy as cash. On the 15th March, 1839, one *C. Graves* presented to *Averill*, the *purchaser* at the sale, the proper evidence showing that he was the *assignee* of a judgment against the same defendants, *senior* to both the other judgments, to wit, of a judgment

docketed on the 7th August, 1837, and paid to Averill the $500 bid by him at the sale, together with the interest thereof, and claimed the right to redeem the premises.    On the 24th March, the evidence of Graves' right to redeem, were delivered to the deputy sheriff, who was informed of the acts done by Graves. On the next day Averill offered to pay to the *relator* the money received by him from Graves, which the relator refused to accept. The office of the sheriff of Jefferson *expired* by its own limitation on the 1st January, 1838, and it was insisted in opposition to the motion, that the *deputy's office* expired with that of his principal, and that consequently the payment to the deputy on the 11th March, 1839, was a nullity.    It further appeared by a *certificate* of the deputy sheriff that the sale was had by virtue of an execution issued on the judgment under which the relator claimed to redeem, but after the notice for this motion was given, the deputy made an *affidavit* stating that he had made a *mistake* in his certificate, in so certifying, as the sale was under an execution issued on a judgment *second* in point of time, and not on the *youngest* judgment.

*By the Court*, NELSON, Ch. J.   A *judgment creditor*, by paying the purchase money and interest within fifteen months after the sale, *acquires all the right and title* of the original purchaser, 2 *R. S.* 371, 372, § 51, 53, 54, and when he has thus acquired the title, *any other creditor* who might have acquired it may become a *purchaser* from the first creditor by reimbursing him the sum he may have paid to acquire such title, and interest, together with his judgment, if a prior lien.    § 55.    And so by § 56, any *third* or *other creditor*, may become a *purchaser* from any second, third or other redeeming creditor.    The 59th § provides, that the sums required to be paid to acquire the title of the original purchaser or to become a purchaser from any creditor, may be paid to such *purchaser* or *creditor*, or to the officer who made the sale.    One question involved in this case is, whether on redemption by the second, third or other judgment creditor, after redemption by the first creditor, the money may be paid to

the *purchaser*, or whether it must be paid to the *last redeeming creditor* or to the officer ?

The 59th §, I think, is to be taken distributively; payment should be made to the person standing *as purchaser* at the time, or to the officer who made the sale. The redemption is from him first, and then from the redeeming creditor who has acquired his rights. After the money is paid, the *purchaser* no longer stands in that relation. By the terms of the act, the redeeming creditor " shall thereby acquire all the rights of the original purchaser." § 51. And the next creditor becomes a *purchaser* from him by reimbursing the money paid, and paying his lien as the case may be. § 53. After this, the first creditor is no longer the *purchaser*, nor has he any interest in the proceeding; he as well as the original purchaser have their money, all that belongs to them under the act, and the creditor advancing it stands in their places. He is both purchaser and creditor, as it respects the making of subsequent redemptions. The 59th § must be construed in connection with the rights and relative positions of the *purchaser* and *creditor*, according to the previous section, and then there can be no great difficulty in comprehending its meaning; it will be apparent that the terms must be taken distributively, and applied agreeably to their relative situations. Any other view would lead to great inconvenience; parties would be multiplied indefinitely from whom redemption could be made; and the money, whatever might be the amount, could be placed in the hands of persons who had no interest whatever in the fund, or the proceeding.

Payment may be made in every case, to the *officer* who made the sale, for the benefit of the purchaser or creditor entitled to the same. § 59. It may, therefore, be paid to the sheriff, or the deputy who sold the premises; both made the sale : one in fact, and the other in judgment of law.

In this case, the term of office of the sheriff *expired* before the time for redemption had ended, and it is supposed that the powers of the deputy to act had ceased. This is a mistake, as will be seen by reference to the following cases : 3 *Cowen*, 89 ; 9

*Id.* 233 ; 6 *Wendell,* 224, *S. C. in error.* The several sections of the act relied upon by the counsel against the motion, § 65, 67 *inclusive,* merely provide for the cases of *death* or *removal* of the sheriff, and do not apply where the term has expired by *lapse of time.*

The payment made to the sheriff by the relator by means of a *check* upon a bank, it not being shown that the money was received on the same, is ineffectual. A check, until paid, is no payment. 4 *Johns. R.* 304. 4 *Cowen,* 553. Money, or what is equivalent, must be paid. 9 *Johns. R.* 263. The note of the agent might as well have been received. If, however, the money was received on the check before the expiration of the time for redemption, as was probably the fact, it would be sufficient.

It appears from the certificate of the deputy that the sale was made upon the youngest of the three judgments against the Brownville Cotton Factory, and upon which the relator seeks to redeem. If this be so, there is of course no question in the case, as the 58 § denies the right of the party under whose execution real estate is sold to acquire the title of the original purchaser ; but his affidavit is produced since the notice of the motion, (which for that reason cannot be read,) alleging a mistake in the certificate, and that the sale was made under the *second* judgment.

On the ground then of the defective payment, and that it appears upon the papers regularly before us that the sale was under the youngest judgment, and by virtue of it the relator seeks to redeem, the motion must be denied with costs ; but the relator has leave to renew his motion.