Gardiner, J.,
 

 delivered the opinion of the court. The plaintiff insists that the defendant was the mere agent of the sheriff, and -that his liability is to be determined by the principles applicable to the agents of private individuals. This mode of stating the question takes from the defendant all advantage of his official character, and puts the case upon the ground most favorable to the plaintiff In this view, then, the question will be, whether an agent receiving money for his principal, in pursuance of a valid authority, without fraud, duress, or mistake, is liaoie to an action in behalf of a person who is ultimately
 
 *129
 
 entitled to the money for neglecting to pay the same upon request, and before it is paid over to the principal.
 

 The rule, it is believed, is universal, that a known agent is not responsible to third persons for acts done by him in pursuance of an authority rightfully conferred upon him. The very notion of an agency proceeds upon the supposition that what a man may lawfully do by a substitute, when performed, is done by himself; and the individuality of the agent so far is merged ( in that of the principal. It is also settled, if any thing can be established by authority, that an agent is not liable to third persons for an omission or neglect of duty in the matter of his agency ; but that the principal is alone responsible.
 
 (Cameron
 
 v.
 
 Reynolds,
 
 Cowp. 406;
 
 Tuttle
 
 v.
 
 Love,
 
 7
 
 John. Rep.
 
 472; 5
 
 Madd.
 
 47; 4
 
 Burr,
 
 1984; 1
 
 Ch. Pl. 4th Am. ed.
 
 75.) The question must be deemed at rest in this state by the decision in
 
 Drury
 
 v.
 
 The Manhattan Co.,
 
 (2
 
 Denio,
 
 118,) affirmed in the-court for the correction of errors. The doctrine is specially applicable to the agents of sheriffs, as the cases above cited show abundantly. It is true that in
 
 Draper
 
 v.
 
 Arnold,
 
 (12
 
 Mass.
 
 450,) which was strongly pressed upon the argument, it was held upon the
 
 custom and statute
 
 of that state, that an action for neglect of duty by the deputy would lie either against him or the sheriff. But Ch. J. Parker, in delivering the opinion of the court, says, “ that by the common law the sheriff can alone be sued for any neglect of duty by his under sheriff or deputy.”
 

 The cases to which we were referred in which actions have been sustained against agents, are either where the principal has no right to receive the money,
 
 (Hearsey
 
 v.
 
 Pruyn,
 
 7
 
 John. Rep.
 
 182,) and of course could confer none upon the agent, or where it was paid by mistake,
 
 (Buller
 
 v. Harrison,
 
 Cowp.
 
 566;
 
 Cox
 
 v.
 
 Prentice,
 
 3
 
 Maule & Selwyn,
 
 345; 10
 
 Peters,
 
 137, 155, 158;) or, where the agent exceeded his authority, and consequently could not invoke its protection.
 
 (Miller
 
 v.
 
 Aris,
 
 1
 
 Selwyn N. P.
 
 103;
 
 Snowden
 
 v.
 
 Davis,
 
 1
 
 Taunt.
 
 359) They do not apply to this case, in which the plaintiff makes title to the money in question through the official act of the deputy, (2
 
 R. S.
 
 372, § 59,) and is thus compelled to recognize not only
 
 *130
 
 the right of the sheriff to receive the deposit, but the authority and duty of the deputy, as his agent, to receive it in his behalf. (20
 
 Wend.
 
 604.) All this must be assumed by the plaintiff, otherwise the-redemption by Wood was invalid, and the deposit made by him remains his, and the defendant holds it as his trustee, and not as the money of the plaintiff.
 

 There is nothing, therefore, to withdraw this case from the operation of the general rules above mentioned. The request made of the defendant cannot aid the plaintiff. A request is a very different thing from an obligation to pay money. A re quest, in certain cases, is necessary, in order to give a right of action by the principal against the agent, as in the case of foreign factors, and perhaps in this state also, in the very anomalous case of client and attorney. (5
 
 Hill,
 
 398.) But it cannot create an obligation on the part of the agent in favor' of third persons. A demand in such cases, operates as a notice, the effect of which is merely to deprive the agent of a special defence, such as payment to his principal before suit. (7
 
 John. Rep.
 
 179; 6
 
 Peters’
 
 Rep, 18.) To maintain this action the plaintiff must show that the defendant owed a duty to
 
 him,
 
 and he cannot avoid this obligation, or affect the right of the deputy, by varying the form of action, or omitting His title of office in his declaration. He there avers, that the defendant was indebted to
 
 him
 
 for so much money had and received by the de • fendant
 
 to
 
 and
 
 for
 
 the
 
 use
 
 of the
 
 plaintiff.
 
 He must, therefore, prove the debt or duty, from which the law will imply an assumpsit in his favor, &c. The evidence, however, establishes, that the money was paid to the defendant, and received by him, not in his individual capacity, but as the known deputy and agent of a public officer,-and for his use, (5
 
 Hill,
 
 399; 3
 
 Cowp.
 
 347,) to whom alone he was responsible not only for this act but any omission or neglect of the duty imposed .upon him by his agency. There is, therefore, no privity between the parties.
 

 And lastly, the action is an equitable one; because chancery under certain circumstances holds the receiver of another’s money liable to the owner as trustee. The law in similar cir
 
 *131
 
 cumstances implies a promise from this equitable obligation. But this is done in order to afford a remedy in a court of law for an equitable right, not for the purpose of depriving the receiver of a legal defence. Still less ought it to be made the instrument of converting a duty owed by an agent to his principal exclusively, into an obligation to a third person.
 

 "Neither the form of action, nor the relation of the parties, afford a sufficient foundation for the claim of the plaintiff.
 

 The judgment of the supreme court must be affirmed.
 

 Gray, J. also delivered a written opinion in favor of affirming the judgment.
 

 Judgment affirmed.1