[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 509 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 510 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 512 
We deem it unnecessary to consider the effect of the conveyance made by Francis Price, the judgment *Page 514 
debtor, to Latting as receiver, pursuant to the order of the Court of Chancery in the suit, in the nature of a creditor's bill, brought by Wakeman and others against him. Price was the owner in fee of the land in controversy March, 9, 1846, when the judgment in favor of Cornelius and Henry Brinckerhoff was recovered, and it became bound by the lien of the judgment. The sale under which the defendant claims was made April 13, 1848, by Hillyer, a deputy of Westervelt, then sheriff of the city and county of New York, on an execution issued upon that judgment, and was of the right and title which Francis Price had on the 9th of March, 1846, in the premises in question. The conveyance to Latting was intermediate the recovery of the Brinckerhoff judgment, and the sale on execution. Whether that conveyance was a nullity, as is suggested in the opinion of the General Term, for the reason that the court had no jurisdiction to make the order pursuant to which it was made, or is to be regarded as the creation of a trust for the payment of the debt on which the proceedings in equity were founded (Chautauqua Co. Bank v.Risley, 19 N.Y., 374), or vested in Latting, the absolute title to the premises, and divested the grantor of all interest therein as is claimed by the defendant, are immaterial inquiries, in the view we take of the statute relating to the redemption of land sold upon execution.
The statute (2 Rev. St., § 46) provides, that such redemption may be made: 1st. By the person against whom the execution was issued, and whose right and title were sold in pursuance thereof; or, 2d. By his devisees or heirs; or, 3d. By any grantee of such person who shall have acquired an absolute title, etc. The right of the judgment debtor whose title has been sold on execution to redeem from the sale does not depend upon the condition of his title at the time of the sale or redemption. The language of the statute is direct and unambiguous. The right is given to the person against whom the execution issued, and whose title was sold thereon. It follows the person and not the land, and *Page 515 
continues for the period allowed by law, although the debtor meanwhile may have parted with his title. The right secured to the judgment debtor to redeem although he has conveyed the land, is often an important and valuable one. Where he has conveyed with warranty, he is enabled thereby to protect the title of his grantee, and secure himself against liability, and if he has received a full consideration for the land, it is just and equitable, that he should discharge it by redemption, from the lien acquired by the purchaser on the sale, although he may not have bound himself by any covenant to do so. Nor is there any incongruity, in holding that the right of redemption coexists in the judgment debtor and his grantee. Where the former has conveyed the land his redemption will inure to the benefit of the holder of the legal title, and the owner has the means of protecting his own interest, if the judgment debtor is either unable or unwilling to make the redemption.
In Bodine v. Moore (18 N.Y., 347), the right of the defendant to have surplus moneys, arising from a mortgage sale, applied upon the defendant's judgment, was sustained upon the ground that the application of a portion of the proceeds of the sale, to pay a prior judgment, upon which the land had been sold, four months before the sale on the mortgage, was in judgment of law a redemption by the judgment debtor, and let in the defendant's judgment as a lien upon the surplus moneys. And, inChautauqua Co. Bank v. Risley (19 N.Y., 373) COMSTOCK, J., speaking of the right of the judgment debtor to redeem says: "The right is secured to him as the judgment debtor, by the terms of the statute, notwithstanding he may have parted with all his interest in the land."
Francis Price was, therefore, entitled to redeem from the sale on the Brinckerhoff judgment, notwithstanding the conveyance to Latting, and independently of the character of that conveyance; and if there was a redemption by him, the certificate of sale became by the express terms of the statute, null and void. (§ 49.) *Page 516 
The title of the owner of land sold on execution is not divested by the sale, and the effect of a redemption by him or on his behalf is to discharge the land from the specific lien acquired by the purchaser.
This case depends upon the question whether there was a redemption, by the judgment debtor, from the sale on the Brinckerhoff judgment. To establish such redemption the plaintiff proved a receipt, signed by the sheriff, Westervelt, in his official character, dated April 10, 1849, entitled in the action of Brinckerhoff v. Price, by which the sheriff acknowledged that he had received from Francis Price, the defendant in the action, $72.05, to redeem property sold upon execution therein April 13, 1848, the said amount being (as stated in the receipt) the purchase-money, at ten per cent interest, for all the property sold by the sheriff on that day on the execution. Below the receipt, on the same paper, was a memorandum of Mr. Adriance, an attorney, indicating that he had paid the sheriff the money mentioned, and taken the receipt for Francis Price. It was admitted that the sale on the execution embraced several parcels of land, in addition to the premises in question, represented by fifteen separate certificates of sale, and that the aggregate amount of the purchase-money, including ten per cent interest from the time of the sale to April 10, 1849, was the sum expressed in the receipt. Westervelt, who was sheriff during the years 1848 and 1849; his under-sheriff; Price, the judgment debtor; and Adriance had all died several years before the trial. One Lawrence, in March, 1852, purchased of Price (to whom Latting had in 1850 reconveyed the land embraced in the receiver's deed) twenty-two lots, sold on the execution, not embracing the premises in question. The attorneys employed by Lawrence to examine the title at the time of the purchase, delivered to him, with the deed from Price, the sheriff's receipt, and the land conveyed to Lawrence by Price has been held since that time under that deed. The certificate of sale of the premises in question was assigned *Page 517 
by Richardson, the purchaser, to one Findull, in November, 1866, eighteen years after the sale, and October 19, 1867, Kelly, then sheriff, by a conveyance purporting to have been made pursuant to the sale on execution in April, 1848, and which recited, "that it is alleged that redemption of the premises had not been made," conveyed the premises to Findull. The plaintiff derives title from one Daly, by deed, dated September 21, 1853, who was the grantee of Price, under a deed dated November 20, 1851. Her deed was recorded February 4, 1854, and she took actual possession of the premises by her tenants in 1858, and was in possession at the time the sheriff's certificate was assigned to Findull, and when the sheriffs deed was executed, and when the defendant took his conveyance from Findull's grantee.
By the Revised Statutes, payment, on redemption by the judgment debtor, may be made to the purchaser, his personal representatives or assigns, or "to the officer who made the sale, for the use of the purchaser." (§ 45.) Where the sale is made by a deputy of the sheriff, either the sheriff or the deputy is the officer who made the sale, within the purview of this statute, and payment may be made to either. NELSON, J., in The People v.Becker (20 Wend., 602), in respect to a redemption by creditors, where the premises were sold by a deputy and payment was made to the sheriff, said: "Both made the sale; one in fact, and the other in judgment of law."
The receipt, if competent evidence, established prima facie
all the facts essential to constitute a redemption; to wit: the payment by the judgment debtor, within a year after the sale, to the officer by whom it was made, of the amount bid, with interest at the rate prescribed by statute. The receipt was competent common-law evidence of the facts stated in it. The Revised Statutes did not require the sheriff to give the judgment debtor, who redeemed, a certificate or other evidence of the fact of redemption. But he was a public officer, acting under an official oath, invested by law with authority to receive, for the use of the purchaser, the money *Page 518 
paid on redemption. Although giving a receipt on payment being made was not strictly an official act, it was a proper and reasonable one, in the ordinary course of business, and within the general scope of his authority and duty; and the giving of a receipt, where no payment, in fact, was made, would be a gross dereliction of duty, calculated to defraud the purchaser, and would subject the officer to the charge of official misconduct.
Entries and memoranda, made by persons, since deceased, in the ordinary course of professional and official employment, are competent secondary evidence of the facts contained in them, where they had no interest to misrepresent or misstate them. (1 Greenl. Ev., § 115; Nichols v. Webb, 8 Wheat., 326.) They are admitted from necessity. In Leland v. Cameron (31 N.Y., 115), the entry by an attorney in his register, in the proceedings in the action, of the issuing of an execution which could not be found, was held, the attorney being dead, to be competent evidence of the fact that the execution was issued. Nor is it necessary, as the defendant claims, that the entry should have been made in a book, to make the evidence admissible. No cases have been cited which proceed upon this distinction, and there is no principle upon which it can be supported. (See Porter v.Judson, Gray, 175; Doe v. Turford, 3 B. Ad., 898.)
The receipt given by the sheriff, in this case, related to a fact known to him, and to which, if living, he would have been competent to testify; it was given in conformity with the usual practice in transactions involving the payment of money, and all the parties concerned in the matter to which it relates are dead. The general fact of redemption shown by the receipt is corroborated by the other facts in the case. The long delay of the purchaser in procuring a deed from Westervelt, who was living as late as 1860; the small amount for which the land was sold compared with its real value; the holding under Price's title of these and the other premises sold on the execution, for eighteen years, no claim at any time, so far as it appears, having been made that the other *Page 519 
parcels of land sold at the same time had not been redeemed, nor any assertion of right to these premises by the purchaser until the sheriff's deed was executed, are circumstances supporting the conclusion that a redemption was made. It is not necessary to hold that receipts of public officers for money paid to them, which they are authorized to receive, are primary evidence of the fact of payment; but they are competent secondary evidence, after the officer's death, within the general principle upon which entries and memoranda of persons, since deceased, are admitted. (Harrison v. Blades, 3 Camp., 457; Jones v. Carrington, 1 C. P., 327; id., 497; Lessee of Cluggage v. Swan, 4 Bin., 150; 1 Phil. Ev. [3d ed.], 299, and cases cited.)
The receipt was admissible on another ground. The officer thereby charged himself with the money, and rendered himself accountable for it to the creditor. It was an admission against his interest, made in respect to a matter pertaining to his official duty. Written memoranda, made under such circumstances, may reasonably be assumed to be truthful, and are evidence after the death of the party who made them, as well of the fact against his interest, as of the other incidental and collateral facts and circumstances mentioned, and are admissible irrespective of the fact whether any privity exists between the person who made them and the party against whom they are offered. (Doe v. Robson,
15 East, 32; Davies v. Humphreys, 6 M. W., 153; Percival
v. Nanson, 7 Exch., 1; Marks v. Colnaghi, 3 Bing. N.C., 408; Hingham v. Ridgway, 1 East, 109.) The general presumption is that an instrument was made at its date. (Costigan v. Gould, 5 Den., 290.) Some exceptions exist which it is not now material to notice. (Houliston v. Smyth, 2 C. 
P., 22; Roseboom v. Bellington, 17 J.R., 182.) The date of the payment in the receipt was not collateral to the main purpose for which it was given. The time of payment was material, as the redemption must be made within the year, and the true date of the transaction would naturally be stated in it. *Page 520 
The memorandum on the back of the receipt, indicates that the payment was made by Adriance for Price. Adriance had acted as his attorney, and there was evidence, aside from this indorsement, that he acted in making the redemption for him. It is not necessary that a redemption should be made by the debtor in person; many circumstances may prevent it, and it would be a very inconvenient construction of the statute to require it. If the receipt is alone considered, it shows the payment was, in fact, made by Price; admitting the memorandum, it shows that Adriance made it for him, and as there is nothing to contradict the fact of his agency, it must be assumed.
The receipt was competent evidence for another reason. By the fifth section of chapter 410 of the Laws of 1847, it is made the duty of the officer making a sale of real estate on execution, or any other person who may lawfully act in his behalf, to execute to the person making a redemption, a certificate truly stating all such facts transpiring before him, as shall be sufficient to show the redemption.
The sixth section provides for the proof or acknowledgment of the certificate, and for recording it in the clerk's office of the county where the lands are situate, and declares that "such certificate, or the record thereof or a duly authenticated copy of such record, shall be received in all courts and places asprima facie evidence of the facts therein stated." Some of the sections in the act of 1847 relate to redemptions by creditors exclusively, but the language of the fifth and sixth sections is general, and applies, we think, to redemptions made either by the judgment debtor or by creditors. The receipt states all the facts necessary to show a redemption, and is in substance a certificate within the act of 1847, and as such was evidence of the facts stated in it under the statute. The omission to have the certificate proved or acknowledged and recorded is immaterial as between these parties. The sheriff, after the redemption, had no power to convey the land and no title passed by his deed to Findull. The plaintiff was in possession of the *Page 521 
the premises, when Findull and his grantee took their deeds. This was constructive notice of the plaintiff's title, and the defendant purchased at his peril, and, although he took his deed without actual notice of an adverse title, he was not, in judgment of law, a bona fide purchaser, and he must have that character before he can claim anything in consequence of the omission to record the certificate. (Jackson v. Burgott, 10 J.R., 457; Jackson v. West, id., 466; Tuttle v. Jackson,
6 Wend., 213; Bank of Orleans v. Flagg, 3 Bar. Ch., 316;Williamson v. Brown, 15 N.Y., 354.)
The judgment should be affirmed with costs.
All concur; JOHNSON, J., in result.
Judgment affirmed.