The People ex rel. John McAllister, Appellant, *v.* John Lynch, Respondent.

Under the provision of the act of 1847 (chap. 410, Laws of 1847), providing for the redemption of lands sold on execution, a redemption made by a creditor on or after the last day of the fifteen months, must be made at the sheriff's office, to the officer who made the sale; if the sale was made by a deputy sheriff, the redemption must be made to him, although the sheriff be present; it is only in case of his absence from the office that redemption can be made to the sheriff. (§ 3.)

A deputy sheriff may execute deeds of land sold by him and receive redemption after the expiration of the term of office of his principal; and although such term has expired, redemption must be made to him if in attendance at the sheriff's office, and not to the present sheriff, his under sheriff or deputies.

*Livingston* v. *Arnoux* (56 N. Y., 507) distinguished.

In opposition to an application by McA. for a *mandamus* to compel a sheriff to deed to the relator lands sold by said sheriff on execution, and which the relator claimed to have redeemed; the sheriff produced the papers in proceedings by L. for a *mandamus* to compel the sheriff to deed to him, whereby it appeared that the application of L. was opposed upon the affidavit of McA., among others, setting forth his claim; the court granted the motion and ordered that a peremptory *mandamus* issue; that the sheriff and McA. both appealed, and the order was affirmed; the sheriff and McA. thereupon appealed to this court, where McA.'s appeal was dismissed, on the ground that he, not being a party, had no right to appeal.   The sheriff died during the pendency of his appeal; McA. moved to revive the proceedings, which was denied, on the ground that there was no authority to substitute any one. *Held,* that McA. was not concluded by said proceedings, as he was deprived of the benefit of a final adjudication therein.

(Argued February 6, 1877; decided February 20, 1877.)

Appeal from order of the General Term of the Supreme Court, in the first judicial department, denying a motion for a *mandamus.*

The moving papers showed the following facts : On the 18th August, 1866, the defendant, John Lynch, as deputy sheriff under James Lynch, then sheriff of the city and county of New York, sold, upon execution against Thomas

Butler, certain premises in said city, which were purchased by William Lee. The said sheriff's term of office expired December 31, 1866. On the 18th day of November, 1867, the relator, a judgment creditor of said Butler, presented the necessary papers and paid the money required to redeem the premises to James Lynch, the then late sheriff, at the office of the sheriff of said city and county; said John Lynch, the former deputy, who sold the premises, was present at the time in the sheriff's office. Both Lee and the relator claimed to be entitled to a conveyance. The sheriff and deputy both refused to convey to relator. The said sheriff has since died.

To oppose the motion, among other things, the papers were presented in proceedings by said Lee for a *mandamus* to compel the sheriff to deed to him. It appeared that to oppose the motion in such proceedings, the affidavit of Mr. McAllister, the relator here, setting forth his claim, was read. The Special Term granted the motion and ordered that a peremptory writ of *mandamus* issue. The sheriff and McAllister both appealed to, and the order was affirmed by, the General Term. No objection appears to have been made to the appeal by McAllister. From the order of General Term both the sheriff and McAllister appealed to this court. A motion was made to dismiss McAllister's appeal, which was heard and decided by the Commission of Appeals. (See mem. of decision, 54 N. Y., 681.) The motion was granted, on the ground that McAllister was not a party, and so had no right to appeal; that such an appeal was entirely unnecessary, as the sheriff's appeal was for his benefit and would fully protect his rights. The sheriff having died pending his appeal, a motion was made, on behalf of McAllister, to revive said proceedings in the name of some suitable person to be designated by the Commission of Appeals. This motion was denied.

The General Term affirmed the order denying the *mandamus* herein upon the ground that the decision on the application of Lee was conclusive as a bar. Further facts appear in the opinion.

*A. J. Vanderpoel* for the appellant.    The redemption by McAllister from the sheriff was legal and proper, and his proceedings were in all respects regular.    (*Livingston* v. *Arnoux,* 56 N. Y., 507; 2 R. S., 387, § 59; Edm's ed., §§ 60–67; Laws 1847, p. 508; *People ex rel. Woolley* v. *Baker,* 20 Wend., 602; *Colvin* v. *Holbrook,* 2 Comst., 126; *Sheldon* v. *Payne,* 3 Seld., 453; *Ingersoll* v. *Sawyer,* 9 Pick., 280; *Ferguson* v. *Lee,* 9 Wend., 260; *Watson* v. *Todd,* 5 Mass., 271; *Perley* v. *Foster,* 9 id., 112; *Whitney* v. *Butterfield,* 13 Cal., 335; *Edmunds* v. *Barton,* 31 N. Y., 495.)

*Geo. W. Niles* for the respondent.    The redemption by McAllister was ineffectual.    (*Gilchrist* v. *Comfort,* 34 N. Y., 240.)

CHURCH, Ch. J.    There is great force in the position of the counsel for the appellant that, under the peculiar and exceptional circumstances presented, the relator ought not to be concluded by the adjudications in the Special and General Terms in the proceedings against James Lynch, the sheriff, for a *mandamus* to compel the latter to give a deed to Lee.    The relator was not a party to that proceeding, and was denied the right to appeal to this court upon that ground, and also upon the ground that his interests could be protected through the sheriff, who had appealed to this court.    The sheriff died during the pendency of the proceeding in this court, and the application by the relator to revive the proceeding, was denied upon the ground that there was no apparent authority to substitute any one.    If this decision was right the proceeding abated before final adjudication, and it would be a harsh measure of justice to prevent the relator from availing himself of the remedy to which he was originally entitled of prosecuting a proceeding in his own name. . As a general rule a person is not estopped by a judgment to which he is not a party, and although there are exceptions to the rule I do not think they include a case like this where the party has been deprived of the benefit of a final adjudication because he was

476 People ex rel. McAllister v. Lynch. [Feb.

Opinion of the Court, per Church, Ch. J.

not a party, and finally by the abatement of the proceeding without the right of revivor by the death of the party to the record through whom alone his interests could be protected. As this was the ground upon which the decision below was based, we felt inclined to reverse that decision, and thus give the relator a *status* which would enable him to contest in court the title to the premises which he claims under his redemption. But upon examination there is a defect in the redemption under which he claims, which we find ourselves unable to overcome, and that is that the redemption was not made to the officer who made the sale. James Lynch was the sheriff, and the sale was made by John Lynch, a general deputy; and, as I understand, it is conceded that both were in the sheriff's office when the redemption was made. The act of 1847 (chap. 40, § 3), provides that "all redemptions which shall hereafter be made on or after the last day of the fifteen months by any creditor * * * shall be made at the sheriff's office of the county in which the sale took place, and it shall be the duty of the officer making such sale to attend at said office during the last day * * * and in the absence of the officer who made the sale from the sheriff's office at such time, then such redemption may be made to the sheriff, and in his absence to the under sheriff, or any deputy present at such office," etc.

The purpose of this statute was to make two things certain — *the place where*, and *the person to whom* redemptions are to be made on or after the last day of the fifteen months. Creditors must then act promptly, and it was doubtless deemed important in order to prevent mistakes, collusion or fraud, to insure certainty in these respects. Successive creditors, desiring to redeem, would know where to go, and to whom to apply for information in respect to what had been done by other creditors, to the end that the rights of all might be fairly protected. The statute requires the officer making the sale to attend at the sheriff's office on that day, and the presumption is that this duty will in general be performed, but in case of his absence the statute particularly specifies other

officers in succession to whom the redemption may be made, but the implication is irresistible that only in the absence of the officer who made the sale can redemption be made to the sheriff.

The learned counsel for the relator urged upon the argument that the words in the act "the officer making such sale" should be construed in case of a sale by a deputy, to include both sheriff and deputy, and hence that a redemption to either would be good, and that the latter clause of the act providing that in the absence of such officer the redemption might be made to the sheriff, and in case of his absence to the under sheriff, or any deputy present, should be construed to apply to the sheriff, etc., then in office, as the successor of the sheriff making the sale, "to prevent a lapse of the right to redeem by absence of the proper officer." To the first branch of the position the case of *The People* v. *Baker* (20 Wend., 602) was cited, which arose under the Revised Statutes, which provided, in general terms, that payment might be made to the creditor or purchaser, or to the officer who made the sale. It was held (Nelson, J., delivering the opinion) that payment might be made to the sheriff or deputy who sold the premises. He said: "Both made the sale, one in fact, and the other in judgment of law."

The statute of 1847, above quoted, was designed, as before stated, to render certain the person to whom redemption might be made, and I think it clearly recognizes the deputy when he made the sale as *the officer making the sale*, by distinguishing him from the sheriff.

I see no way to escape the force of the language in this respect. The officer who made the sale is to attend. This means the officer who in fact made the sale, and is confined to one person. If he is absent, then redemption is to be made to the sheriff, indicating, manifestly, that the sheriff was regarded as a different officer from a deputy who actually made the sale. There is not a word in the statute indicating the construction claimed, that the sheriff specified was intended to mean the successor of the sheriff in office when the sale was

made, and it will not do to invent a construction against the plain import of the words, nor to interpolate words to reach a construction not warranted by the words employed, especially when the language employed has a practical application, and does not lead to an absurd result. A deputy sheriff is an officer recognized by statute, and may perform nearly all the duties of sheriff. He can execute deeds of land sold by him during or after the expiration of the term of his principal. (10 J. R., 223; 18 id., 7; 7 Cow., 739; 6 Wend., 213; 3 Cow., 89.) He is an officer coeval in point of antiquity with the sheriff. (2 J. R., 63.) By statute sheriffs are authorized to complete the execution of all final process after their terms expire, which they shall have begun to execute, by collection of money, or making a levy (3 R. S., 738, § 92), and this applies, of course, to sales of lands made on execution and receiving redemption and executing deeds thereon. (20 Wend., 602.)

These views are in accordance, I think, with the understanding of the profession and the courts. Wright, J., in delivering the opinion in *Gilchrist* v. *Comfort* (34 N. Y., 242), said : " Its fair reading is, that if the officer (undersheriff or deputy) who made the sale is present at the office, although the sheriff be also present, the redemption is to be made to the officer who made the sale." It is true that this was not the point involved in that case, but the observation was made in support of the construction adopted upon the point involved, which was the place where the redemption required to be made, and it is significant of the understanding of the court in repect to the point now under consideration. It was claimed on the argument, that this court, in *Livingston* v. *Arnoux* (56 N. Y. 507), had decided adversely to the construction in *Gilchrist* v. *Comfort* (*supra*), above quoted, but this is a mistake. There, it is true, the deputy made the sale, and the redemption was to the sheriff, but the redemption was not by a creditor but by the debtor within a year after the sale, and hence the act of 1847 did not apply. The point involved here was not and could not be made,

and was not decided. The statute of 1847 was not involved and is not referred to in the opinion. It was a question of payment under the Revised Statutes.

After a careful examination and against my first impression, I am of the opinion that the redemption by the relator was not made to the right officer, and is therefore invalid.

The order must be affirmed.

All concur; Rapallo, Andrews and Miller, JJ., concurred in result.

Order affirmed.