ALPHA A. ROBERTS, Appellant, *v.* WILLIAM ELLWOOD, Impleaded, etc., Respondent.

*Court of Appeals, October* 8, 1889.

Affirming 40 Hun, 633, Mem.

*Money paid. Mistake.*—A mortgagor, who, in order to settle a foreclosure suit, reconveys the land and pays an agreed sum, without the parties comparing the receipts of payment with the indorsements, or ascertaining the amounts unpaid, on such compromise, cannot subsequently recover back an alleged payment made, but not indorsed by mistake, on the bond.

Appeal from an order of the general term of the supreme court, reversing a judgment entered on a verdict, and granting a new trial upon exceptions.

In October, 1879, the mortgagors being in default, the mortgagees commenced a foreclosure of the mortgage. On November 6, 1879, this action was discontinued, the bond and mortgages cancelled upon payment of $260, and a reconveyance of the premises made.

*W. Woodbury,* for appellant.

*A. C. Calkins,* for respondent.

FOLLETT, Ch. J.—The case is barren of evidence tending to show that the settlement of November 6, 1879, was made on the basis of the amounts which either, or both parties, then supposed had been paid on the bonds. It does not appear that the several indorsements were compared with the receipts held by the mortgagor, or that the payment represented by the indorsements on the bond and receipts held by the mortgagor were even aggregated, or the amount unpaid on the bond ascertained. It does not appear that the value of the land at the date of the settlement was agreed on, or even estimated. The first cause of action,

which rests on the theory that the plaintiff had paid his bond in full, without taking into account the sum of $585.15, in dispute, is without any support in the evidence.

The second cause of action for money had and received, is a kind of an equitable action, in which the recovery, if had, must be according to what is just and good, *ex aequo et bono.* Colvin *v.* Holbrook, 2 N. Y. 126, 130; Kingston Bank *v.* Eltinge, 66 Id. 625 ; 4 Wait's A. & D. 469 ; 1 Selwyn's N. P., 13 ed. 99. To have entitled the plaintiff to recover under this count, the evidence should have shown that the defendants had received money from the plaintiff which, in good conscience, the defendants ought not to have retained.

To have established this the plaintiff might have shown that the defendants defrauded him, but there is no allegation or evidence of fraud; or, he might have shown that there was a mistake, which resulted injuriously to him. But, as before stated, there is no evidence that the value of the land reconveyed was agreed upon, or talked about, or that the amount which the plaintiff had paid upon the bond was agreed upon or talked about. If the verdict could be sustained, the terms of settlement would be altered, and instead of this plaintiff paying, November 6, 1879, $260, and reconveying the land for a discharge of his bond and both mortgages, he would receive from the defendants $325.15. There is no evidence that either party contemplated such a result, much less that the defendants would have agreed to it.

The plaintiff cites Calkins *v.* Griswold, 11 Hun, 208; Wheadon *v.* Olds, 20 Wend. 174. In these cases articles were sold at a price agreed on, and the amount due was ascertained by a computation of quantities, the aggregate of which was afterwards discovered to have been considerably less than the aggregate mutually supposed to have been delivered, and for which the plaintiff, in each case, paid. It was held that the amount overpaid might be recovered in

an action for money had and received. There is no doubt about the correctness of these decisions. This question has long been well settled. But we have attempted to show, and as the general term proved, the elements in the cases cited and on which the recoveries were based are entirely absent from the case at bar.

The order should be affirmed and a judgment absolute ordered against the appellant on his stipulation, with costs.

All concur, except BRADLEY and HAIGHT, JJ., not sitting.