### CARTER *v.* STORK.

*(Supreme Court, General Term, Fifth Department. March, 1892.)*

1. WIFE'S SEPARATE PROPERTY—RIGHTS OF HUSBAND AFTER WIFE'S DEATH.
   In New York, the husband who is not a tenant by the curtesy has no interest in the lands of his wife during coverture, and where he remains in possession or control after the wife's death, he is liable to the heirs of the wife for rents.

2. PRINCIPAL AND AGENT—LIABILITY OF AGENT TO THIRD PERSONS.
   An agent who collects money to which his principal had no right, and pays it to the principal after notice not to do so, is liable therefor.

Appeal from Monroe county court.

Action by Charles Carter against Michael Stork. From a judgment for plaintiff, entered on the findings of the special county judge, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*John A. Bernhard,* for appellant. *W. H. Hallock,* for respondent.

DWIGHT, P. J. The action was brought by the plaintiff, as assignee of the heirs of Catherine Meisch, to recover moneys collected by the defendant, as rents of premises of which Mrs. Meisch died seised. These rents accrued after the death of Mrs. Meisch, and were collected by the defendant under a power of attorney given to him by her husband, and were paid over to the

husband after notice to the defendant that they belonged to and were claimed by the heirs of Mrs. Meisch, who afterwards assigned their claim to the plaintiff. The husband in this case was not a tenant by the curtesy. These are substantially the facts found by the special county judge, a trial by jury being waived, after the evidence was taken. After the death of his wife, Meisch retained possession and collected rents of the premises, apparently in the belief that he had succeeded to the title of his wife; and the defendant seems to have resisted the demand in behalf of the heirs of Mrs. Meisch under the same mistake of law. Of course, no such claim is made for him here, but it is contended that he remained tenant by sufferance after the death of his wife, and that the notice requisite to terminate that tenancy had not been given. The contention is without foundation. Such was not the case, even at common law, although, during the joint lives, the husband was, in effect, seised of the estate in the right of his wife, was entitled to receive the rents, issues, and profits absolutely, and might even mortgage, lease, or sell the land for the term of the joint lives. But when the wife died, without issue by him born alive, the land descended to·the heirs of the wife, and his interest terminated at once. Reeve, Dom. Rel. 28. But under the married women's acts in this state the husband who is not a tenant by the curtesy has no interest whatever in the land of his wife even during coverture, and at the death of the wife there is no tenancy to survive even for an hour. He does not remain a tenant by sufferance, because he was never a tenant at all. He has, during her life, only enjoyed her hospitality, and upon her death he has no more rights than a stranger.

The only question in this case which seems to have· required examination was that of the liability of the agent—or attorney in fact—under the employment of the husband to respond directly to the owners of the premises for rents collected by him under such employment, and paid over to his principal. This question was correctly answered adversely to the defense, on the authority of *Hearsey* v. *Pruyn*, 7 Johns. 179, and *Colvin* v. *Holbrook*, 2 N. Y. 126. In the former of those cases Judge SPENCER said: "The law is, I believe, well settled, that an action may be sustained against an agent who has received money to which the principal has no right, if the agent has had notice not to pay it over." And in *Colvin* v. *Holbrook* the rule is clearly laid down by Judge GARDINER that, where the principal has no authority to collect money, and of course can confer none upon his agent, the latter acts at his own peril when he pays over money to the former after notice of the facts. The findings of fact of the special county judge seem to bring this case fully within the rule thus established, and demonstrate the right of the plaintiff, as assignee of the persons entitled to receive the rents in question, to maintain this action against the defendant. The findings and decision of the county court dispose of the issues raised by the pleadings and between the parties to this action, and do not, as we conceive, conflict with the decision made at this term in the case of the same plaintiff against Meisch. The judgment must be affirmed. All concur.