## RESPONSIBILITY FOR CONDITION OF PERISHABLE GOODS DELIVERED IN CAR LOAD LOTS.

[Circuit Court of Richland County.]

FRUIT DISPATCH CO. v. HENRY H. STURGES.*

Decided, January, 1905.

*Contracts—For Purchase and Sale of Goods—Perishable in Character and in Car Load Lots—Question of Proper Performance by Seller for Jury—Entries Made in Usual Course of Business—Made by One not a Party to the Suit Admissible, When.*

1. A contract of sale for the delivery of perishable goods in car loads f. o. b. shipping point, where the car is loaded by the seller and not by the common carrier, requires that the seller shall properly load and deliver the car in good condition to the railroad company. There the responsibility of the seller ends; but if he should fail in any particular in properly loading the car and delivering it to the railroad company in proper condition, and by reason of such failure the goods were injured or destroyed in transit, the buyer is not bound to receive the same, nor does the property in the goods pass to him until the obligation of the shipper is discharged with reasonable care and diligence.

2. The law of such contracts requires that the seller shall do the thing which is right and reasonable for the protection of perishable property to be delivered f. o. b. at shipping point, and the question as to what is right and reasonable is a question for the jury, and evidence of the general custom of the trade in handling such perishable property is competent for the purpose of showing what is reasonably necessary under such circumstances.

3. An entry or memorandum in a book, or in any other form, made in the usual course of business at the time of the transaction, by a person legitimately connected with such transaction, not a party to the suit, but who is shown to have had means of knowledge of the fact recorded and no interest in misrepresenting or misstating the facts, is admissible in evidence.

DONAHUE, J.; VOORHEES, J., and McCARTY, J., concur.

Error to Richmond Common Pleas Court.

The action out of which this proceeding in error arises was brought in the common pleas court of this county by the Fruit

*Affirmed without report, *Fruit Dispatch Co. v. Sturges,* 73 Ohio State, 351.

Dispatch Company against Henry H. Sturges, to recover the contract price of a car load of bananas, shipped from Baltimore, Maryland, to the defendant at Mansfield, Ohio, and the claim of the plaintiff is that the fruit was to be delivered f. o. b., Baltimore, Maryland, and that the same was so delivered.

The defendant admits that the car load of bananas was shipped to him by the plaintiff at the time alleged in the petition, and that the contract price therefor was $560, as stated in the petition, but defendant avers that the plaintiff wholly failed and grossly neglected to adjust the ventilators of the car in which the bananas were shipped; failed and neglected to set the air traps of said car in such a way as to admit a proper ventilation; failed to direct the railroad company over whose line the car was shipped with reference to the care of such fruit in the transportation, and failed to notify defendant of the time and place of shipment and of the carrier by whom the shipment was made, in time to permit the defendant to take proper precaution to protect the goods upon arrival; that the weather was unusually warm for that season of the year and by reason of the neglect of plaintiff the entire car of fruit was ruined and worthless when it reached Mansfield, Ohio, and that the defendant therefore refused to receive the same.

There are but two questions of importance in this case: The first is as to the duty of the seller under the circumstances above detailed; second, as to the admission in evidence of a memorandum in writing made at the time of the transaction by a person not a party to the suit, but who had personal knowledge of the facts recorded.

As to the first question, this court holds that delivering perishable goods in car load lots f. o. b. shipping point, means that the seller is charged with the responsibility of properly loading the car and delivering it to the railroad company in proper condition. There the responsibility of the shipper ends, but if the shipper should fail in any particular in properly loading said car and delivering it to the railroad company in right condition, and by reason of which failure the goods are injured and destroyed in transit, the buyer is not bound to receive the

same, nor does the property in the goods pass to him until the obligation of the shipper is discharged with reasonable care and diligence.

In this particular case the shipper took charge of the car and loaded it, and it was incumbent upon him to load the bananas properly and to see to it that the car was properly ventilated for the safety and preservation of the fruit, with regard to the distance it had to travel to reach its destination.

And that question of fact as to whether the shipper had properly done and performed all and singular the duties required of him with reference to the shipping of this perishable fruit, and whether or not he had notified the defendant of the shipment, so that he in turn might give it prompt attention upon its arrival at its destination, were submitted to the jury, under proper, full and fair instruction, and the jury found in favor of the defendant, and, in our opinion, the evidence sustains that finding.

The law of contracts of sale of ordinary goods not perishable, the delivery to be made at place of purchase, does not and can not apply to such a case as this, for with goods of that character the seller's duty would be fully discharged by delivering the goods sold to the common carrier in good condition, and no further duty or care would be required of him. But, with reference to perishable goods, the rule, of necessity, must be different, and it is sometimes entirely controlled by the custom, if there is an established custom, in reference to the care and handling of such goods. For instance, this record discloses that it is sometimes necessary to send a man in charge of fruit of this kind, and especially is this true when there is a large consignment of several car loads, so that the amount to be protected will justify the expense.

In this case, the plaintiff's witnesses say that the consignment was not large enough to justify such expense, and, therefore, knowing that no man would be in charge of the car and no person would have authority or right to molest it or change its condition from the time it left Baltimore until it reached Mansfield, it was doubly important for the shipper to see to it that the cars should be in proper condition and properly ventilated

for the preservation of this fruit when it was' delivered to the railroad company for transportation.

It was also a question for the jury to determine whether reasonable care in that behalf would require that the shipper notify the consignee, by wire, immediately upon making such shipment, so that he might be prepared to take due precaution to protect the fruit upon its arrival. In truth, the whole controversy on this point is more a question of fact than one of law. A simple statement of the law is, that the seller shall do that thing which is right and reasonable for the protection of perishable property to be delivered f. o. b. at shipping point. What these duties are must be determined from the nature of the goods and the usual, ordinary and customary manner of providing for their safety, and it is for the jury to say upon the whole evidence what these things are that will comply with the requirements of the law, and whether or not the shipper has performed them.

Second, it is claimed that the introduction of the book, kept by a witness named Foster, was prejudicial error.

It appears from the evidence that this was a memorandum in writing made at the time of the transaction by a person legitimately connected with such transaction, who had personal knowledge of what was therein written, although he is not a party to the suit. And it further clearly appearing that he could have had no interest in misrepresenting or misstating the facts, the admission of this evidence was not prejudicial error. *Livingston* v. *Arnoux*, 56 N. Y., 507, 518; Abbott, Trial Ev., 398.

We find no error in this record to the prejudice of plaintiff in error, and the judgment of the common pleas court is affirmed with costs, and the cause remanded for execution.

*Cummings, McBride & Wolfe,* for plaintiff in error.

*C. H. Workman,* for defendant in error.