WALTER S. SKEEN, Plaintiff in Error, *vs.* ABRAHAM JOHNSON, *et al.*, Defendants in Error.

1. *Curator—Action against, by widow for child's share—Remedy, form of, etc.*— Suit, in the nature of an action for money had and received by a widow against the curator of her minor children, for her child's share (Wagn. Stat., 539, § 4) of certain funds, which had been paid over by the administrator to the curator will not lie. Where she fails to claim the amount till it has passed from the administrator to the curator, *semble* that her only remedy would be a bill in equity, conjoining all persons in interest as parties, and adjusting their respective rights by appropriate decrees.

### Error to Maries Circuit Court.

*Ewing & Smith,* for Plaintiff in Error.

I. An action for money had and received, lies wherever money has been received by the defendant, which *ex equo et bono,* belongs to the plaintiff, whether there is any privity between the parties or not. (Kuntz vs. Livingstone, 15 Cal., 344; Cary vs. Curtis, 3 How., [U. S.] 235; Prett vs. Ide, 3 Blackf., 240; Stratton vs. Rastall, 2 T. R., 370; Moses vs. McFerlane, 2 Bull., 1008; McLean vs. Martin, 45 Mo., 393.)

II. The statute fixes the rights of the parties. When children, by their curator, received all the money of their father's estate, to the exclusion of the mother, who is entitled by statute to one-fourth of the whole, or a child's part, can she not pursue this fund, and cannot her claim be allowed against the children's estate, and cannot the Circuit Court, in the exercise of its general jurisdiction, ascertain and determine the rights of all the parties?

*G. W. Miller,* for Defendants in Error.

I. Johnson is answerable, under his bond, to said minors for the amount in his hands, and 'if any mistake has been made by the administrator and the County Court, ought not the plaintiffs to seek a remedy in that direction, and not bring a proceeding against the curator, who has violated no duty imposed upon him?

SHERWOOD, Judge, delivered the opinion of the court.

James Hoffman died, seized of a considerable amount of property, both real and personal, and, upon the final settlement of his estate there remained, in the hands of the administrator thereof, subject to distribution, the sum of $5,107.72.

The decedent left at his death a widow and three minor children. The widow has intermarried with her co-plaintiff Walter S. Skeen. No order for the distribution of the assets, remaining in the hands of the administrator, was made. Abraham Johnson, the defendant, at the term next following the final settlement, was appointed curator of the estate of said minors, and gave bond as such curator, and to him the administrator paid over the above mentioned sum of money.

This action was brought by the widow, now Mrs. Skeen, and her present husband, against the defendant, Johnson, as curator, &c., to recover from him, on behalf of Mrs. Skeen, as widow and relict of the decedent, the sum of $1,276.93, as a child's share of the sum paid over to the curator by the administrator.

To the petition, alleging, in substance, the above recited facts, the defendant demurred, assigning among other grounds, that the petition did not state a cause of action. The demurrer was successful, and the plaintiffs have brought this cause here on writ of error.

This action, it will be at once perceived, is in its essential features, an action for money had and received. Such action, however, cannot be maintained, except where the law will imply a promise to pay ; but the law will never imply such promise, except where it is the duty of the party, who holds the fund, to make the payment, and where it is not unjust nor inequitable to the party to whom the promise is thus imputed, to so imply it.

In the present instance, the curator, having, as shown by the petition itself, received and given bond for the money as the property of the minors and, as their curator, it would be a manifest breach, both of his bond and of his official duty, to make any disbursements of the trust fund placed in his hands, except for the benefit of his wards. With the widow and her claims, he

has no concern; his duties and obligations run in an altogether different channel, and are exclusively centered in, and confined to, those whose interests are entrusted to his care.

Under such circumstances, there would be no natural justice or equity in implying a promise on the part of the curator, to disburse to the widow any portion of the fund, which he had received and is accountable for, as the money of the minors. (Cary vs. Curtis, 3 How., [U. S.] 236; Com. on Cont., 316, *et seq.*)

As it would, evidently, contravene the duty of the curator to make the payment demanded, it must follow that the implied promise, which rests solely upon a duty to be performed as its basis, can have no existence, and, therefore, that the plaintiffs' action must fail; and their petition be held here, as it was in the court below, insufficient.

It may not be amiss to add, in conclusion, that if Mrs. Skeen has never received her share of the personal estate of her former husband, to which she is entitled under § 4 of the Dower Act, that she is still entitled thereto. But, inasmuch as she has delayed in asserting her rights until the funds belonging to the estate have passed into the hands of the curator and been commingled with the funds of the minor heirs, perhaps her only remedy now consists in a proceeding in the nature of a bill in equity, all persons in interest being made parties, and their respective rights to the fund in question adjusted by an appropriate decree.

Judgment affirmed. All concur.