D. ROBERT BARCLAY *et al.*, Respondents, *v.* BARTON BATES, Appellant.

### April 25, 1876.

A memorandum, made by the sheriff, acting as trustee under a deed of trust, of a sale of a leasehold, setting forth the description, terms of sale, date, and name of purchaser, is competent evidence in a proceeding to charge, as assignee of the lease, the party named in such memorandum. It tends to show a contract of sale.

(On motion for rehearing.) The sheriff, in such a case, sells as sheriff, not as auctioneer; and a memorandum, made on the day of the sale, and shortly after it, if otherwise sufficient, will satisfy the statute of frauds. This memorandum need not be made by the deputy who makes the sale.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

*E. B. Sherzer*, for appellant, cited : 1 Chitty on Pl. 227, 228 ; Turner *v.* Egles, 3 B. & P. 456, 461 ; Bristow *v.* Wright, 1 Douglas, 641, 665, 667, 668 ; 1 Greenl. on Ev. 62, sec. 51 ; 3 Ph. on Ev. (10th ed.) 393, 466, 467 ; 1 Wag. Stat. 655, sec. 2 ; Meadows *v.* Meadows, 3 McCord, 458, 459, 460 ; Tatum *v.* Holliday, 59 Mo. 427 ; Hook *v.* Turner, 22 Mo. 333, 335 ; Quackenbose *v.* Clarke, 12 Wend. 555, 556, 557 ; Boyce *v.* Bakewell, 37 Mo. 492, 498 ; Odell *v.* Wake, 3 Camp. 394 ; Taylor *v* Shumate, 1 B. & P. 22 ; Bagley *v.* Freeman, 1 Hilt. 196, 197 ; McLenen *v.* Sheble, 45 Mo. 130, 131.

*Marshall & Barclay*, for respondents, cited : Taylor *v.* Zepp, 14 Mo. 482 ; Chouteau *v.* Goddin, 39 Mo. 229 ; Bunch *v.* Beck, 46 Mo. 327 ; Major *v.* Rice, 57 Mo. 384 ; Rutherford *v.* Tracy, 48 Mo. 325 ; Rice *v.* Bunch, 49 Mo. 231 ; Armstrong *v.* Wheeler, 9 Cow. 88 ; Carter *v.* Hammett, 12 Barb. 253 ; Garnhardt *v.* Finney, 40 Mo. 450 ; Smith *v.* Niver, 2 Barb. 180 ; Clemens *v.* Broomfield, 19 Mo. 118 ; Mathews *v.* Tobener, 39 Mo. 115 ; Allen *v.* Sales, 56 Mo. 28, 37 ; Campbell *v.* Johnson, 44 Mo. 247 ; Doe *v.* Wilkinson, 3 B. & C. 413 ; Willison *v.* Watkins, 3 Pet. 43 ; Brown *v.* Bowen, 30 N. Y. 540 ; Welland Canal *v.* Hathaway, 8 Wend. 483 ; P. W. & B. R. R. *v.* Howard, 13 How. 336 ; Wag. Stat. 655, sec. 2, p. 1033, sec. 1, p. 1034, secs. 2, 3, p. 1047, sec. 2 ; Brown on Stat. Fr. secs. 357, 369, 371, 372, 373, 508 ; Ward *v.* Steamer, 7 Mo. 582 ; Shuetz *v.* Bailey, 40 Mo. 75 ; Belknap *v.* Sealey, 14 N. Y. 143 ; Manice *v.* Brady, 15 Abb. Pr. 173 ; Bauer *v.* Franklin County, 51 Mo. 205 ; Riddles *v.* Aikin, 29 Mo. 453 ; Babbett *v.* Young, 51 Barb. 466 ; Underhill *v.* N. Y. R. R., 21 Barb. 489 ; Trowbridge *v.* Didier, 4 Duer, 448 ; Boynton *v.* Boynton, 43 How. Pr. 380 ; Carroll *v.* Paul, 16 Mo. 226 ; Willman *v.* Dismukes, 42 Mo. 101 ; Godemier *v.* Aspinwall, 43 Ill. 401 ; Guy *v.* Washburn, 23 Cal. 111 ; Bettis *v.* Logan, 2 Mo. 2 ; Shaw *v.* Potter, 50 Mo. 281 ; Souverbye *v.* Arden, 1 Johns. Ch. 240 ; Bryan *v.* Wash, 7 Ill. 557 ; Stewart *v.* Weed, 11 Ind. 92 ; Gist *v.* Eubank, 29 Mo. 248 ;

Dinkle v. Gundlefinger, 35 Mo. 172 ; Purchase v. Mattison, 6 Duer, 587 ; Root v. Foster, 9 How. Pr. 37 ; St. John v. Griffith, 1 Abb. Pr. 39 ; Schmidt v. Pehmaelter, 45 Mo. 502 ; Williams v. Woodward, 2 Wend. 487 ; May v. Sheehy, 4 Cranch, C. Ct. 135 ; Acker v. Witherell, 4 Hill, 112 ; Rose v. Davis, 11 Cal. 132 ; Draper v. Shoot, 25 Mo. 203 ; Schools v. Risley, 40 Mo. 356.

BAKEWELL, J., delivered the opinion of the court.

This was an action against appellant for breach of certain covenants of a lease of which it is alleged that appellant was assignee.

The petition states that plaintiffs executed and delivered to Kalb and Day a lease for certain premises in St. Louis ; that the Western White Lead Company, assignees of the lease, assigned the same to one Smith, to secure the payment of certain notes ; that the trustee, Smith, died, and the sheriff of St. Louis county was appointed to execute the trust ; and, default having been made in the payment of these notes, that the sheriff did, at the request of the beneficiary, proceed to sell said leasehold estate, at the door of the court house, in St. Louis county, according to the terms of said deed, and the defendant being the highest bidder, at the price of $1,000, the same was stricken off and sold to him accordingly ; that the sheriff then executed and delivered to defendant a deed of said leasehold ; that the defendant paid the consideration, accepted said deed, and soon after took possession of said estate, and regularly attorned to plaintiffs, under said original lease to said Day and Kalb, by regularly paying the rent therein reserved, in manner, form, and amount as therein provided, up to the time of the default complained of ; that plaintiffs have performed all covenants of the lease on their part, but that defendant had broken certain covenants of the lease. The petition sets forth the covenants and breaches of the original lease, in separate counts, and asks judgment for rent, $1,000, for all taxes for the year 1871, and for all taxes for 1872, with a separate prayer for judgment on each count.

The answer denies all the material allegations of the petition.

The issues were referred to a referee, who in due time filed his report, in which he states that the only allegations of the petition not sustained by evidence are that the defendant received a deed from the sheriff, and entered into possession of the premises ; and, considering the mere payment of rent for only a portion of the term created, without receiving any written assignment of the lease, and without having possession of the premises, not sufficient to charge the person paying rent with the liability of an assignee upon the covenants of the lease, he finds for defendant.

Exceptions were duly filed by plaintiffs, which were overruled, and judgment was entered for defendant.   A motion for a new trial having been filed and overruled, on appeal to general term the judgment was reversed and the cause remanded.   From this judgment of the general term the defendant appeals to this court.

On the trial before the referee it appeared that the leasehold was purchased by defendant, at the sale under the deed of trust, by James H. Britton, for $1,000 ; that defendant, when apprised of this action of his agent, paid the $1,000 to the sheriff, and that defendant also paid rent to plaintiffs, and paid back taxes due upon the property at the time of the sale.

On the hearing before the referee, plaintiffs offered in evidence a memorandum made by a deputy sheriff, at the date of the sale, on the sheriff's sale book, as follows :

"*St. Louis, September 12, 1870.*

"The Western White Lead Co.          ⎱ Deed of trust in
            *to*                     ⎬ recorder's office,
T. T. Smith, *trustee of Robert H. Ober.* ⎰ book 354, p. 315.

" Sold the leasehold of real estate advertised as follows : to wit :

"A certain lot or parcel of ground situate, lying, and being in the city of St. Louis, Mo., all the lot of ground in the city of St. Louis, in block 196, beginning at a point in the

west side of Ninth street, 77 feet to the north side of Walnut street; thence westwardly, along the north side of Walnut street, 125 feet, more or less, etc.,

To Barton Bates, for the sum of................ $1,000.00

CP COSTS AND CHARGES.

| | | |
|---|---:|---:|
| Advertising in *Democrat*............. | $55.00 | |
| Commissions ..................... | 20.00 | |
| Affidavit and acknowledgment........ | 1.00 | |
| Deeds and stamps.................. | 6.00 | |
| Services of attorneys, Harding & Crane, | 25.00 | 107.00 |

Net proceeds......................... $893.00

"Received, St. Louis, Mo., December 9, 1870; of John McNeil, eight hundred and ninety-three dollars, in full of the net proceeds of above sale, on account of the debt represented by two notes of $1,000 each, held by the National Bank of the State of Missouri, secured by above deed of trust."

C. F. BURNES, *Attorney of Bank.*

Defendant objected to this evidence, but on what ground does not appear. It was excluded by the referee.

We think that plaintiffs were clearly entitled to this memorandum. It is true that it does not satisfy the statement, in the petition, that defendant, at the time of the sale, received a deed from the trustee, but it does not follow that it was incompetent for every purpose because it was not a deed. It was certainly evidence tending to show a contract of sale. If plaintiffs could prove facts entitling them to recover in the action, they should have been allowed, if necessary, to amend their petition to make it correspond to the proof by striking out any averments as to the actual execution and delivery of a deed. The sheriff acted in his official capacity in making this sale, and he could bind both parties by a sufficient memorandum made at the time. *Tatum* v. *Holliday,* 59 Mo.

Whether this memorandum was such an assignment

of the lease as to make the defendant liable as assignee on the covenants of the lease it is not necessary for us to determine. The evidence excluded was, in our opinion, competent and material, and for this error the judgment of the Circuit Court at special term must be reversed and the cause remanded.

The judgment of the Circuit Court at general term, reversing the judgment of special term and remanding the cause for a new trial, is therefore affirmed. The other judges concur.

BAKEWELL, J., delivered the opinion of the court, on motion for rehearing.

The appellant files a motion for a rehearing in this case, and files printed copies of reasons in support of this motion.

1. The first reason alleged is that "the court has mistaken the record, if, in its opinion filed, it meant to state that the deputy who was present at the sale made the memorandum rejected by the referee as evidence in this suit."

But the writer of the opinion complained of did not mean to say this, did not say it, and did not say anything like it, and we do not know why counsel should suppose he must have meant it, unless he thinks that, to make a sufficient memorandum to satisfy the statute in case of a sale of real estate by the sheriff, the same deputy who makes the sale must, necessarily, make the memorandum of the sale. This seems to be his view of the law, but it is an erroneous view. As it is the officer, not the individual, who is clothed with authority, the acts of each deputy are the acts of the sheriff. The authority of the deputy sheriff is coequal with that of his principal; and the sheriff may create as many deputies as he pleases, each possessing all the power of a sheriff as a ministerial officer. 1 Salk. 95, 96. A sale may be made by one deputy, and it may be consummated by another deputy. If one deputy becomes incapacitated to complete the execution of process, it may

be consummated by another deputy, as well as by the sheriff himself. So, if a sale be made by one deputy, the memorandum may be made by another deputy. In either case it is the sheriff who acts, and not Deputy Wilkins or Deputy Holly. 3 Cow. 95; 20 Wend. 602; 6 Wend. 224; 10 Johns. 223. Or, rather, both the sheriff and his deputy act—the one in fact, the other in the judgment of law. The case of a sheriff is not precisely that of an auctioneer.

2. The memorandum in this case was not, as counsel asserts, invalid under the statute, if made by a deputy who was not present at, or who had nothing to do with, the sale. It was not necessary that the memorandum should be made on the fall of the hammer. It is true that a remark of that kind escapes from Judge Story in *Smith* v. *Arnold*, 5 Mass. 419, speaking of an ordinary auction sale. But this is a mere *dictum*, made in illustration of an entirely different question. It is not approved; and, except for that remark, there is no intimation from any respectable source that the memorandum must be absolutely contemporaneous. There is no decision to that effect. In *White* v. *Watkins*, 23 Mo. 427, the Supreme Court of this State decides that a memorandum made a month after the sale is too late. In *Buckmaster* v. *Harrop*, 13 Ves. 464, it is said that an auctioneer must make the writing at the time of the sale, in his character of auctioneer of that sale; that it is too late afterwards, at a distant time, to supply the defect. It has been held, on the other hand, in England, that the memorandum may be made at any time before action is brought. 13 Ves. 456; Brown on Stat. Fr. sec. 353. And in the case of brokers' bought and sold notes, which are held sufficient to satisfy the statute, it is manifest that the contract is completed some time before the memorandum is made. Even in the case of an ordinary auctioneer it has never been decided that the memorandum must be made at the instant. In the case of the sheriff there is no good reason to doubt

that a memorandum made by a deputy, according to the custom of the office, on the day of, and shortly after, the sale, if otherwise sufficient, will satisfy the statute. The sheriff sells as sheriff, not merely as auctioneer, and his character does not die with the sale, as may be the case with a private individual crying off property at request of another. The fact that one deputy makes the sale, and another the memorandum, does not make this the case of a mere report of facts to a third person, and the memorandum mere hearsay testimony. The auctioneer may use the hand of his clerk to make the contemporaneous memorandum, and the sheriff may use the voice of one deputy to make the sale, and the hand of another to make the note of it; in either case, it is the sheriff that acts. Our own Supreme Court, in *Miles* v. *Davis*, 19 Mo. 412, has gone, indeed, further in this matter of a sheriff's memorandum than any case we have cited from abroad.

3. The third reason assigned for granting a rehearing is that the respondents were not injured by the rejection of the sheriff's memorandum, even if improperly rejected. A verdict and judgment was given against plaintiffs, and it appears that competent evidence was improperly rejected on the trial. It will not do to say that plaintiffs were not injured by this rejection. Appellant urges that plaintiffs had the full benefit of all legitimate inferences to be drawn from the sale, bid, payment of money, name of the purchaser, etc. But, as the statute prescribes that oral proof of the contract shall not be received in case of a sale of lands, we do not perceive how this can be so. If this contract were clearly executed on both sides, the rights and obligations of the parties would not be affected by the statute; but defendant will not admit that there was any executed contract of sale. In the absence of the legal evidence of a contract of sale of lands, of a memorandum in writing of the agreement made, and of the names, price, and subject-matter, a sale of an interest in lands has been held void, though the pur-

chasers have paid the money and entered into possession. *Abbott* v. *Draper*, 4 Demrs. It must, then, be material to plaintiff to prove the contract. This court has not said, or intimated, that the sale, if proved, was an assignment of the lease. We hold that it might be a material fact in this case, on other grounds, and that defendant had a legal right to show, if he could, a binding contract of sale.

4. The fifth and sixth reasons are that the court has not passed upon certain points made by counsel in his argument and brief, and regarded as decisive of the case. This is no ground for a rehearing. In reversing and remanding a cause, an appellate tribunal may, and sometimes does, anticipate by announcing an opinion on points which it sees may probably arise on the new trial, but it is under no obligation so to do ; and grave reasons may, and sometimes do, exist for refraining from expressing an opinion on points which may or may not be made on the second trial. It by no means follows that the points have been overlooked, or that the court has not done its full duty in the matter.

Finally, there is nothing in the opinion filed by the court to justify the expression of an apprehension on the part of counsel that this court has reversed the cause for the mere purpose of directing amendments in pleadings which have not been applied for by the party against whom judgment has gone. This suggestion is, perhaps, open to the objection that it is to some degree a violation of the decorum of the profession, and the same may be said generally of the form into which counsel has thrown the reasons which we have considered. It is to us a subject of regret that learned gentlemen, in the excitement of the contests of the profession, should to any degree, and however briefly, forget how important to the administration of justice is the observance of the customary forms of courtesy and respect in the official intercourse of the bench and the bar. Not to err is to be above the lot of humanity ; and it is to ask too much to expect that the decisions of a tribunal, even of last resort,

shall always be received with interior assent, but under no circumstances should the respect due to the judicial office be wholly laid aside. The intrinsic reason of this respect is not, of course, any theory that the court is exempt from the possibility of error, or that it does not sometimes suffer from the infirmity of its members.

This court, after careful consideration, decides, in the case at bar, that, where suit is brought, seeking to charge one as assignee of a written lease, and the petition sets up an assignment by deed, and no deed is shown, it is error to refuse to admit evidence of a sale of the leasehold interest, witnessed by a memorandum in writing which will satisfy the statute of frauds; that such evidence is material and competent.

Also, that where the sale is made by the sheriff, acting as trustee under a deed of trust, a memorandum which in other respects satisfies the statute is not void because not made on the ground, and may be made by a deputy sheriff other than the one conducting the sale.

There were other points in the case upon which, for reasons satisfactory to itself, this court did not see fit to pass in the opinion rendered. It adheres to its judgment, and desires to express no opinion upon the points not already decided.

The motion for a rehearing is overruled. The other judges concur.