Nelson v. Foster.

## NELSON, *Appellant*, v. FOSTER.

1. **Remarks of Judge in Presence of Jury.** When illegal evidence has been admitted without objection, a remark made by the trial judge in the presence of the jury that if objection had been made he would have excluded it, cannot be assigned for error.

2. **Instructions, HARMLESS ERROR IN.** The Supreme Court will not reverse a judgment for a faulty instruction given by the trial court, when other instructions were given which presented the case to the jury fully and fairly, and upon the facts as clearly proven the verdict was manifestly for the right party.

*Appeal from St. Francois' Circuit Court.*—HON. LOUIS F. DINNING, Judge.

*Abner Green* for appellant.

The court below committed error in directing the jury orally, that they could disregard the evidence which had been admitted without objection, in relation to defendant's character; also in giving the third instruction for defendant.

*Clardy & Thomas* for respondent.

HENRY, J.—Plaintiff, appellant, sued the defendant for damages for an assault and battery. The verdict was for defendant, and from the judgment thereon plaintiff appeals. The plaintiff, as a witness, in his testimony, threw all the blame of the conflict upon defendant, but the weight of evidence was to the effect that plaintiff first assaulted defendant with a cane, choked him, and had him down on the floor in a saloon, when his finger was severely bitten by defendant. The only attempted corroboration of plaintiff's version of the difficulty, and it amounted to no corroboration, was the testimony of St. Clair, who said that he heard defendant say that in a fight with plaintiff he had bitten his finger, and was d—d sorry he did not bite it off, and that on another occasion he heard defendant say, speaking of plaintiff having gone to get the finger amputated, "he wished to God that he would have to have his hand cut off." The testimony of defendant, in which he was corroborated by two or three witnesses, who saw the fight, was that plaintiff, with a cane, assaulted defendant, choked him, pushed him down and fell upon him, and that while plaintiff was attempting to gouge him·in the face, his finger was bitten. The court, no objections being made to it, admitted evidence to prove that defendant was a qurrelsome, fighting character.

Defendant offered to prove that plaintiff bore the same character, and on objection, the court refused to admit the evidence, remarking that he admitted the evidence of defendant's character because no objection was made to it, and that he would have excluded it if defendant had objected.

I. REMARKS OF JUDGE IN PRESENCE OF JURY.

This remark of the court is assigned as error. It does not appear in the bill of exceptions, but no doubt the defendant's counsel, when he offered evidence of plaintiff's character, called the court's attention to the admission of evidence of defendant's character, and the remarks of the court were in answer to that suggestion. Whether so or not, the evidence of defendant's character was inadmissible, and the court might have directed the jury to disregard it. Greenl. Ev., Vol. 1, 79.

The instructions to the jury were as favorable to plaintiff as the law would have warranted. They were told

2. INSTRUCTIONS, harmless error in. that if defendant assaulted and bit plaintiff's finger, they should find for plaintiff, and give him exemplary damages, and that the amount within the amount claimed in the petition was for them to determine from all the circumstances in evidence; and further, that if they found that defendant bit plaintiff's finger, and that it was unnecessary for him to do so in order to defend himself against the attack of plaintiff, they should find for plaintiff, and assess such damages as would compensate plaintiff for expenses incurred in curing himself, for loss of time and smart money, &c.

For the defendant, the court instructed: that if plaintiff first assaulted defendant, and the injury inflicted upon plaintiff was inflicted by defendant in defending himself against such assault, and in the necessary defense of his person, the verdict should be for defendant, unless he used greater force than was necessary in his self-defense.

The other instructions for defendant, except the third, were substantially the same as the first, and the third is objected to by the plaintiff, because he says, " it is a comment upon the evidence and an argument to the jury; it selects defendant's theory of the case to the exclusion of plaintiff's, and on that theory instructs the jury." It first defines, and properly, an assault, and then instructs the jury that if they believed that plaintiff raised his cane, in a threatening manner, within striking distance of defend-

ant, that defendant caught the cane, and in a scuffle was pushed or thrown down by plaintiff, that plaintiff got on defendant, and that while in that position, and in order to defend himself against violence, which he had reasonable cause to believe plaintiff was about to inflict upon him, he bit plaintiff's finger, doing no more than was necessary to get rid of plaintiff, the jury should find for defendant.

The instruction is faulty, and it was wholly unnecessary to give it because the case had been fully and fairly presented to the jury in the other instructions; and such an instruction, in most of the cases which come here, would justify a reversal of the judgment, but here it could not have prejudiced the plaintiff. The evidence clearly proved him the aggressor. The instructions in his behalf were all that he could have asked, and those for the defendant required him to show, as a justification, not only that plaintiff was the aggressor, but that he did not use more violence than was necessary to defend himself against the plaintiff's assault. If the evidence left any doubt that plaintiff first assailed the defendant, the judgment should be reversed for the error in giving the third instruction, but it is so manifestly a case in which plaintiff commenced the fight, and, contrary to his expectation, getting the worst of it, seeks to recover damages for the injuries he received, that a reversal of the judgment would do him no good, for on the evidence and instructions omitting the third, the jury, we are satisfied, would not and should not have hesitated to find the same verdict.

It is not every error for which a judgment will be reversed, and when it is palpable that the error did not materially affect the rights of the appellant, this court is not at liberty to reverse the judgment. Wag. Stat., Sec. 33, page 1067. All concur, except NORTON, J., absent.

AFFIRMED.