HUCKSHORN, *Appellant*, v. HARTWIG.

1. **Ejectment**: TITLE: LIMITATION. One who shows no color or claim of title to land, in order to acquire title thereto by adverse possession and limitation, must show by a preponderance of testimony and to the satisfaction of the court or jury, that he and those under whom he claims, have had the actual, continuous, uninterrupted and adverse possession of the same for not less than ten years before commencement of suit for recovery of its possession.

2. —— : —— : ——. Where one, and those under whom he claims, entered upon and occupied land by mistake as to the true boundary line between such land and an adjoining tract, but only intending to claim to the line, as it might be subsequently ascertained, then such possession is not adverse to the true owner, and a title by limitation cannot be acquired thereby.

3. —— : —— ; ——. Where defendant, within ten years before the commencement of suit, and before he had had ten years' possession of land, stated to plaintiff that he only claimed to the true line between their lands, and would be governed by the survey whenever a correct line was made, then his possession of the tract in dispute from that date would not be adverse to plaintiff, if on a correct survey it should be found to be part of the tract described by its numbers in plaintiff's petition, although defendant may have stated at the time that he claimed the line to which he then held to be the true one.

4. **Practice in Supreme Court:** VERDICT AGAINST WEIGHT OF EVI-
DENCE. The Supreme Court will not reverse a judgment because
the verdict is against the seeming weight of the evidence, where
there is evidence tending to support it.

*Appeal from Carroll Circuit Court.*—HON. J. M. DAVIS,
Judge.

AFFIRMED.

*Hale & Sons* for appellant.

It appears from the evidence that respondent took pos-
session of the land by mistake. He does not say that he
claimed to that line, but that he claimed that to be the true
one. "If any one by mistake inclose the land of another
and claim it as his own, his actual possession will work a
disseizin, but if ignorant of the boundary line he makes a
mistake in laying his fence, making no claim, however, to
the land to the fence, but only to the true line as it may be
subsequently ascertained, his possession is not adverse.
*Wallbrun v. Ballew,* 68 Mo. 164; *Cole v. Parker,* 70 Mo.
372; *Acton v. Dooley,* 74 Mo. 63; *Hamilton v. West,* 63
Mo. 93.

*John L. Mirick* for respondent.

The facts of this case are identical with the facts in
the case of *Cole v. Parker,* 70 Mo. 372, and the case of *Ham-
ilton v. West,* 63 Mo. 93. The conflict, if any, between the
testimony of respondent and appellant, was passed upon
by the court trying the case, and this court will not disturb
the finding.

NORTON, J.—This action of ejectment commenced in
the circuit court of Carroll county, on the 19th day of
November, 1879, to recover the possession of twelve acres
of land off of the east side of the southeast quarter of the
northwest quarter and the northeast quarter of the south-

west quarter of section 29, township 52, of range 22. The petition is in the usual form and the answer a general denial.

The case was tried by the court without the intervention of a jury, and judgment rendered for the defendant from which plaintiff has appealed. It appears from the record that the plaintiff and defendant were coterminous proprietors, plaintiff having the admitted legal paper title to the southeast quarter of the northwest quarter, and the northeast quarter of the southwest quarter of section 29, township 52, range 22, which embraces the land sued for, and defendant being the admitted owner of the land adjoining the above on the east, viz : The southwest quarter of the northeast quarter and the northwest quarter of the southeast quarter of section 29, township 52, range 22. The contest arises from the fact that according to a survey made in 1879, defendant's fence extended over the line dividing the lands of the parties on to the land of plaintiff, so as to embrace the twelve acres sued for, and it is this twelve acres that plaintiff seeks to recover. Defendant resists plaintiff's right to recover, on the ground that he had been in the open adverse possession of the same for more than ten years before suit was brought, claiming the land inclosed by his fence as his own. It appears that the land owned by defendant was originally owned by one Adkinson, who, in 1859 or 1860, procured one Smith, the county surveyor, to run the line and that he located it where defendant's fence is now. Adkinson then set his fence on the north forty to the line as ascertained by that survey, where it has remained ever since; the fence on the south forty was set out to this line in the spring of 1869. Adkinson stated that he supposed the survey was a correct survey, and that he always claimed up to the Smith survey as the west line of his land.

There was a conflict between the evidence of witnesses as to whether defendant and those under whom he held, claimed the line run by Smith in 1859, to be the true line,

and claimed the land inclosed by his fence to be his up to that line. It is conceded by counsel that the circuit court declared the law in the following instructions asked and given :

1. The patent and deeds read in evidence vest in the plaintiff a legal paper title to the land described in the petition, and if the court finds from the testimony that defendant was in possession of the same at the commencement of the suit as charged in the petition, the verdict or finding should be for the plaintiff, unless the court further finds that defendant and those under whom he claims, have acquired title to the same by adverse possession and limitation as hereinafter defined and evidenced.

2. The defendant has not shown any color or claim of title to the land in question, and in order to acquire title thereto by adverse possession and limitation he must show by a preponderance of testimony, and to the satisfaction of the court sitting as a jury, that he and those under whom he claims have had the actual, continuous, uninterrupted and adverse possession of the same for not less than ten years before the commencement of this suit, and unless the court does so find, the verdict should be for plaintiff.

3. If defendant and those under whom he claims entered on and occupied the land in question by mistake as to the true boundary line between the tract in suit and the adjoining tract or tracts, but only intending to claim to the true line as it might be subsequently ascertained, then such possession was, and is not, adverse to the true owner, and a title by limitation was not acquired thereby.

4. If the defendant within ten years before the commencement of this suit, and before he had had ten years' possession, stated to the plaintiff that he only claimed the land to the true line of survey between the land of plaintiff and defendant, and that he would be governed by the survey whenever a correct line was made, then his possession of the tract in dispute from that date would not be adverse to plaintiff, if on a correct survey, the tract in dispute

should be ascertained to be part of the tract described by its numbers in the petition; although defendant may have, also, stated at the time, that he claimed the line to which he held to be the true one.

As the law governing the case was properly declared, and as there was evidence tending to establish the facts in the instructions upon which the right of the defendant to a verdict was predicated, we cannot interfere with it, even though it might seem to us that the verdict was against the weight of evidence, for the manifest reason that the judge who tried the cause and heard and saw the witnesses was in a better position to weigh the evidence than we are.

Judgment affirmed. All concur except Judge RAY, who, having been of counsel, did not sit.