Frank A. Hoyt, Respondent, v. John Quinn, Appellant.

**St. Louis Court of Appeals, December 22, 1885.**

1. Appellate Practice—Instructions—Record.—A refusal to give instructions will not be reviewed on appeal, where the instructions given are not embodied in the record.

2. Trial Practice—Variance—Waiver.—The attention of the trial court must be called to an alleged variance between the pleadings and the proof by affidavits, or the objection will be deemed waived.

3. ———— Evidence.—The trial court may disregard objections to evidence which do not specify the grounds of the objection.

Appeal from the St. Louis Circuit Court, Daniel Dillon, Judge.

*Affirmed.*

EBER PEACOCK, for the appellant: The petition declares on a contract in writing, alleged to be executed by the plaintiff under his hand as well as by the defendant under his hand; there is no averment of its being a sealed instrument, but the contract offered in evidence was not signed by the plaintiff at all, and purports to be a sealed instrument. The court erred, therefore, in admitting the contract mentioned in support of the allegations of the petition against the objection of the defendant. Being admitted, it showed a variance between the pleadings and the proof. *Treat v. Brush*, 11 Mo. 310; *Dougherty v. Matthews*, 35 Mo. 520; *Weall v. King*, 12 East R. 452; *Lungstrass v. German Ins. Co.*, 48 Mo. 201.

CHARLES F. JOY and JOHN A. LEWIS, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

The imperfect condition of this record precludes us from examining many of the points of law raised by the argument of the appellant's counsel. The instructions given on behalf of the plaintiff are not preserved. It is well settled in this state that under such circumstances appellate courts will not review the correctness of instructions refused. *Greenabaum v. Millsaps*, 77 Mo. 474; *Doering v. Hornsby*, 12 Mo. App. 571; *Davis v. Hilton*, 16 Mo. App. 323.

We are thus confined to the questions as to whether the judgment of the court is warranted by the pleadings, and legal evidence adduced in support of the petition, and whether any legal testimony offered by the defendant was excluded, or illegal testimony offered by the plaintiff admitted to the defendant's prejudice.

The suit is one upon a building contract, by the owner against the contractor, to recover the amount paid by the former to extinguish a judgment obtained by a material man upon a mechanic's lien against the property. It is founded upon a clause of the building con-

tract, by which the contractors bind themselves at their own costs and charges, to provide and deliver all material used in the erection of the building, and to pay for all work and labor performed upon it, and to keep it free from liens on account of material furnished or labor performed.

The answer contained a general denial, and other defences.

The plaintiff's evidence tended to show that he entered into a written contract, with one Donnelly and two other persons, of whom the defendant was one, for the erection of the house. That the contract contained the clause sued on. That Donnelly built the house and the plaintiff paid him for it. That subsequent to the payment a material man sued Donnelly as contractor and the plaintiff as owner, and obtained judgment against the property for the amount now sued for, which judgment the plaintiff discharged. That the defendant was notified by the plaintiff of the pendency of this suit, and requested to defend against it, but failed to do so.

There was judgment in the trial court for the plaintiff for the amount claimed.

The following objections were made to the testimony offered:

To the contract offered in evidence, that it did not correspond with the writing described in the petition, not being signed by the plaintiff, and being under seal, while the contract declared on was alleged to be in writing and executed by the plaintiff, and not alleged to be under seal. The objection was overruled. It was based upon a variance between allegation and proof, and finds support in the case of *Dougherty v. Matthews* (35 Mo. 520, 528), where a similar variance was held fatal on appeal. While that decision does not seem to have been expressly overruled, yet it is unquestionably not only opposed to the statute (Rev. Stat. 1855, 1253; sect. 1; Rev. Stat. 1879, sect. 3565), but also to numerous subsequent adjudications of the supreme court. *Fischer v. Max*, 49 Mo. 404; *Turner v. Railroad Co.*, 51 Mo. 509; *Wells v. Sharp*, 57 Mo. 57; *Meyer v. Chambers*, 68 Mo. 626.

We can not see how the defendant could have been misled to his prejudice by the variance, and we are precluded by the statute to examine into the question of its materiality, because the defendant failed to file the affidavits required by law, and failed to ask for a repleader.

To the record of the lien suit, when offered in evidence, the defendant objected on the sole ground that it was irrelevant. The objection was one to the competency and not to the relevancy of the evidence. Waiving, however, the question that this objection was not made on the proper ground, and might for that reason alone, have been disregarded by the court, we find it otherwise untenable. The objection is pressed here on the ground that the defendant was no party to the suit, and that his co-contractor, Donnelly, was brought in upon an insufficient service by publication. The objection finds its answer in the facts that the defendant was notified by the plaintiff of the pendency of the suit, and asked to defend it, and declined to do so ; and that the statute, which requires the parties to a contract to be made parties to the suit, in which the enforcement of the lien is sought, is satisfied by making one of several joint contractors a party. *Putnam v. Ross*, 55 Mo. 116 ; *Hassett v. Rust*, 64 Mo. 325.

As to the objection that the record of the judgment was not admissible, because it did not show proper service of process upon Donnelly, it can not be urged in this court because the attention of the trial court has not been called to it. It is, moreover, without merit in other respects. *Brawley v. Ranney*, 67 Mo. 280, 283.

As the foregoing are all the objections, which, owing to the imperfect condition of the record, we can consider, and as we find no merit in any of them, it results that the judgment of the lower court must be affirmed. It is so ordered. All the judges concur.