CORRIGAN & WATERS, Respondents, v. T. W. BRADY, Appellant.

Kansas City Court of Appeals, January 6, 1890.

1. **Contract**: MEETING OF MINDS: ACTION TO RECOVER MONEY PAID: AMENDMENT: MONEY HAD AND RECEIVED: CHANGING CAUSE OF ACTION. Defendant contracted to sell and convey to the plaintiffs certain real estate and plaintiffs paid him five hundred dollars, and he undertook to furnish them a complete abstract within ten days, and on his failure to do so plaintiffs brought this action to recover five hundred dollars alleging in addition to the above facts that time was of the essence of the contract. At the trial the court found that at the execution of the contract the provision, as to time being of the essence of the contract, had been retained in the duplicate copy of the contract retained by plaintiffs and erased in the copy retained by defendant without the knowledge of plaintiffs, and that the minds of the parties did not meet and there was no agreement, and that the money had been paid and received under the belief that there was a contract; and the court directed the petition to be amended to conform to this state of facts, which being done, making it a count for money had and received, the finding and judgment were for the plaintiff. *Held*, the action of the court in ordering the amendment was proper and in further-ance of justice; and that the amendment was not a substantial change of the original cause of action, which was in itself a form of the action for money had and received, and, while such amendment should regularly be embodied in the petition, yet such irregularity (the amendment being apparently filed separately) is not fatal to the judgment, especially since no prejudice is perceived to have resulted.

2. **Practice, Appellate**: AMENDMENT: SURPRISE. An appellant's complaint of surprise, because of an amendment, cannot be con-sidered in an appellate court for the reason he did not file the affidavit required by the statute.

3. **Practice, Trial**: NEW TRIAL: NEWLY DISCOVERED EVIDENCE CUMULATIVE: DILIGENCE. Application for a new trial on the ground of newly discovered evidence cannot be favorably enter-tained where the affidavits do not show diligence and the evidence they disclose is entirely cumulative.

4.  **Evidence:** ADMISSION OF PAROL, TO VARY WRITTEN CONTRACT, HARMLESS ERROR, WHEN. The admission of oral evidence to vary a written agreement is error, but when such error is against the respondent it is harmless.

5.  **Amendment.** The fact that demurrers had been sustained to plaintiff's original and first amended petition, did not exhaust the power of the court to permit further amendments.

*Appeal from the Jackson Circuit Court.*— HON. TURNER A. GILL, Judge.

AFFIRMED.

*Marcy K. Brown* and *W. H. Leavitt*, for the appellant.

(1) The last (third amended) petition ordered filed by the court, and upon which the judgment is based, was the substitution of a new and entirely different cause of action, and not an amendment of the original petition, and required different proof. *Lumkin v. Collier,* 69 Mo. 174 ; *Fields v. Maloney,* 78 Mo. 174, 175; *Parker v. Rodes,* 79 Mo. 92 ; Bliss, Code Pl. [1 Ed.] sec. 429 ; *Gibbons v. Steamboat,* 40 Mo. 253 ; *Milliken v. Whitehouse,* 49 Me. 527 ; *Cooper v. Waldron,* 50 Me. 80; *Sumner v. Brown,* 34 Vt. 194; *Steffy v. Carpenter,* 37 Pa. St. 41 ; *Sneed v. McCoull,* 12 How. 407 ; *Walden v. Bodley,* 14 Pet. 156; *Scovill v. Glasner,* 79 Mo. 449; *Halliday v. Jackson,* 21 Mo. App. 664; *Sims v. Field,* 24 Mo. App. 557. (2) There is absolutely no evidence to support the allegation of said petition or finding and judgment of the court. This is not a case where there exists a lack of correspondence between the allegation of the cause of action and the proof in " some particular or particulars only " (as contemplated by section 3565 ) ; but is one where the allegation is " unproved " "in its entire scope and meaning " (as contemplated by section 3702). *Waldhier v. Railroad,* 71 Mo. 517 (on motion for rehearing) ; *Phleger v. Weltner,* 21 Mo. App. 586 ;

*Leslie v. Railroad*, 88 Mo. 50. (3) There was no need for defendant to file any affidavit alleging surprise. The amendment ordered by the court did not constitute a case of mere statutory variance, such as may be cured by failure to file the requisite affidavit; but a failure of proof in a vital particular, viz.: The allegation of one cause of action and the introduction of evidence to establish another and very different cause. *Faulkner v. Faulkner*, 73 Mo. 335; *Beck v. Ferrara*, 19 Mo. 30; *Waldhier v. Railroad*, 71 Mo. 517 (on motion for rehearing). (4) Plaintiffs cannot sue upon one cause of action and recover upon another. *Clements v. Yeates*, 69 Mo. 623; *Ensworth v. Barton*, 60 Mo. 511; *Harris v. Railroad*, 37 Mo. 307; *Eyerman v. Cem. Ass'n*, 61 Mo. 489; *Link v. Vaughn*, 17 Mo. 585; *Hancock v. Buckley*, 18 Mo. App. 459; *Thrush v. City of Cameron*, 21 Mo. App. 397. (5) "A judgment should be responsive to the issues presented in the pleadings, and, where it is not, it should be reversed." *Ross v. Rose*, 81 Mo. 84–88; *Murphy v. Bedford*, 18 Mo. App. 283; *White v. Rush*, 58 Mo. 105; *Thrush v. City of Cameron*, 21 Mo. App. 397. "A party is not entitled to a judgment on a finding of facts different from any theory of the case set up in the petition or answer." *Irwin v. Chiles*, 28 Mo. 575, 578; *Newham v. Kenton*, 79 Mo. 385; *Dougherty v. Adkins*, 81 Mo. 411. (6) Revised Statutes, section 3576, requires every amended pleading to be complete in itself without any reference to any other pleading for its facts. An amended or supplemental petition must set forth all the facts so there will be but one pleading. There can be no reference for facts to an abandoned pleading. *Ward v. Davidson*, 89 Mo. 445; *Basye v. Ambrose*, 28 Mo. 39; *Young v. Woolfolk*, 33 Mo. 110; *Skinner's Ex. v. Hutton*, 33 Mo. 244; *Tichnor v. Voorhies*, 46 Mo. 110. (7) The affidavits for new trial, alleging newly discovered evidence, were in proper form, contained all

the requisites necessary, as stated by all the authorities, and new trial should have been granted thereon. Said affidavits showed: (1) That the evidence was material, (2) newly discovered, (3) not cumulative, (4) to be such as to render a different result, not simply probable, but certain, on the retrial, (5) that defendant could not with reasonable diligence have discovered and produced it at the trial, and (6) these facts are shown by the best evidence possible, viz., the affidavits of the witnesses themselves. Hayne on New Trial, sec. 88, p. 252 ; *State v. Ray*, 53 Mo. 345 ; *Davis v. Peveler*, 65 Mo. 193 ; *Caldwell v. Dickson*, 29 Mo. 227 ; R. S., sec. 3704 ; *Pinkham v. McDonough*, 5 Cal. 137 ; *Hill v. Wilkins*, 4 Mo. 86 ; *Spohn v. Railroad*, 87 Mo. 74 ; *Whitsett v. Ransom*, 79 Mo. 258 ; *Garrett v. Greenwell*, 92 Mo. 121 ; *Clark v. Fairley*, 30 Mo. App. 335 ; *Hipsley v. Railroad*, 88 Mo. 348 ; *Stephens v. City of Macon*, 83 Mo. 346 ; *Schulte v. Railroad*, 5 Mo. App. 578 ; *Ackley v. Staehlin*, 56 Mo. 558 ; *Edemiller v. Kump*, 61 Mo. 340 ; *Bailey v. Taafe*, 29 Cal. 465 ; *Arrington v. Tupper*, 10 Cal. 465 ; *N. C. & L. C. Co. v. Kidd*, 37 Cal. 303.

*John F. Waters* and *Crittenden, Stiles & Gilkerson,* for the respondents.

(1) As has been well stated : "The rule is to allow amendments, the exception to refuse them." "Amendments are favored and should be liberally allowed in furtherance of justice." *House v. Duncan*, 50 Mo. 453; *Carr v. Moss*, 87 Mo. 447; *Ensworth v. Barton*, 67 Mo. 622. (2) "A variance between the *allegata* and the *probata* is not necessarily fatal, for the court may order an amendment upon terms." *Turner v. Railroad*, 51 Mo. 501; *Gaty v. Sack*, 19 Mo. App. 470. "Even after a party wishing to take advantage of a variance has claimed at the trial a surprise, and shown the grounds of the surprise by affidavit, the court may allow an amendment." *Brown v.*

*Railroad,* 20 Mo. App. 427. "Where the party fails to prove the allegations of his pleadings, but does prove facts entitling him to recover, he should be allowed to amend his petition to correspond with the proof." *Barcley v. Bates,* 2 Mo. App. 139. (3) The next point made by the defendant is that he should have been granted a new trial on the ground of newly discovered evidence, claimed to be found in the affidavits filed with his motion. This position is clearly untenable under all the authorities. (4) Defendant is in no condition to urge the question of variance, and that he was surprised thereby, for the reason that he has not brought himself within the statutory rule necessary to be observed to render the alleged irregularity available. He should have filed the affidavit required by the statute, section 4565. *Galy v. Sack,* 19 Mo. App. 474; *Olmstead v. Smith,* 87 Mo. 602.

SMITH, P. J.—The petition upon which this case was tried alleged, amongst other things, that the plaintiffs entered into a contract with the defendant whereby the defendant was to convey to them, by deed, certain real estate in Kansas City for the consideration of sixteen thousand dollars, the receipt of five hundred dollars of which was acknowledged, and whereby defendant was to deliver plaintiffs within ten days from the date of the contract a complete abstract of the title to said real estate. There was this further provision in the contract: "That time should be of the essence of the contract." There were other provisions as to the examination and sufficiency of the title.

The petition contained the further allegation that the abstract was not delivered within the ten days as there agreed by said contract, and that an action had accrued to them to have and recover the said sum of five hundred dollars, etc. We have not seen the answer of the defendant since it is not contained in

his abstract.    In the present instance, however, we will accept his statement as true, that it put in issue the allegations of the petition.

There was considerable evidence adduced at the trial *pro* and *con*, and the only matter of serious difference between the parties and the witnesses was as to whether the sixth paragraph, alleged to have been in said contract, which provided that "time is, and shall be, the essence of this contract" had been erased before the delivery thereof.    The plaintiffs, who were corroborated by two other witnesses, testified to the effect that said contract was executed in duplicate, and that the one which was delivered to plaintiffs, and filed with their petition in this suit, did not have said paragraph erased or expunged.    The defendant, on the other hand, and two other witnesses testify that the said paragraph in said contract was erased from each duplicate thereof before signing and delivery.    The copy of the contract filed with the plaintiffs' petition was either never, in fact, filed, or, if so, it was withdrawn before the trial since it was not then produced, though required to be. The testimony of the parties and their attorneys seems extremely conflicting and at variance.    There were no objections made by either party to any of the evidence offered or introduced, nor were there any instructions asked or given.

At the conclusion of the evidence the court made the following finding:    Now, at this day come the parties aforesaid by their respective attorneys, and waive a trial by jury, and submit this cause to the court, and, the proofs and evidence being fully heard and considered, the court finds the facts to be that on the fourth day of April, 1887, two papers were prepared, the one introduced in evidence, and the one which the court finds was filed with the papers in this case, but which has not been found or produced at this trial; that in these papers the proposition to buy this property in

question, as it was prepared and sent with "time is and shall be the essence of this contract," and signed by Waters & Corrigan, plaintiffs, was sent in that condition, without any erasures, to the agent of defendant, Brady, and there was amended by striking out the expression "time is and shall be the essence of this contract," without the assent of plaintiffs Waters and Corrigan; and defendant Brady signed it in that amended condition, without ever having called the attention of plaintiffs in the case to such a change. The court further finds that in the other paper, the duplicate which was furnished to the plaintiffs in this case, this erasure was not made of the words "time is and shall be the essence of this contract," and in that condition was furnished to the plaintiffs in this case.

The court, therefore, finds that, under the circumstances, there was no agreement made; that there was never any agreement between the parties as to the same matter, and the court directs the petition to be amended to conform to this state of facts, to which defendant objects, and the court overrules the objection of defendant, and defendant excepts to such amendment and the ruling of the court. And the court finds the issue in favor of the plaintiffs and finds that defendant is indebted unto plaintiffs in the sum of five hundred and thirty-five dollars, and assesses plaintiffs' damages at said sum. The plaintiffs thereupon filed the amendment directed by the court, the allegations of which were "that plaintiffs, in pursuance of the order in that behalf made at, or before, the rendition of the judgment, and for the purpose of conforming the pleadings to the facts proved, and to said order of court, file this amendment to their petition in the case, and aver that the five hundred dollars, for which this suit is brought, was paid by plaintiffs to defendant without consideration and under misapprehension of facts; that the contract described in the original petition and amendments, and

under which said five hundred dollars was paid by plaintiffs, was, in fact, never executed by both parties (though, at the time of the payment of said money, it was supposed it had been), for the reason that in the duplicate therein, it being executed in duplicate, retained by and delivered to defendant, the clause therein making time the essence of the contract was stricken out by having a pen drawn over the same and entirely erased therefrom; while in the duplicate, delivered to plaintiffs and executed by them, said provision making time the essence of the contract remained intact. By reason whereof, plaintiffs say no contract was ever executed or consummated, nor of any binding force on either party; that the said sum of money paid to defendant by plaintiffs was paid under a mistake of facts; that the same was received by defendant without consideration and to plaintiffs' use, and plaintiffs ask judgment therefor as for money had and received by defendant for plaintiffs' use with interest thereon." There were motions severally filed to strike out said amendment, for a new trial and in arrest of the judgment, which were overruled.

The defendant brings the case here by appeal.

I.    There was no plea of *non est factum* filed by the defendant, so that in the pleadings the execution of the contract sued on was not put in issue. Its execution as alleged stood confessed. R. S., sec. 3653; *Smith Mid. Pur. Co. v. Rembaugh*, 21 Mo. App. 390; *Hammerslough v. Cheatham*, 84 Mo. 13. But, notwithstanding this, the case was tried as if the execution of said contract was in issue. Both parties introduced evidence as if that was an issue under the pleadings. The evidence showed, and the court found, that the minds of the contracting parties had not met as to an essential provision of the contract. It found that while there was no valid contract entered into and existing between the parties, that the plaintiffs had paid and the defendant

had received money under the belief that such contract did exist. It seems that, the plaintiffs not having stated their actionable facts or all of them as they existed, they could not recover, yet that, as the defendant had received the plaintiffs' money as has been stated, they ought to be permitted to recover the same on the ascertained facts of their case if they would embody the same in their petition.

The action for money had and received can be maintained when the law will imply a promise to pay, and it will imply a promise where it is the duty of the party who holds the fund to make payment, and, when it is not unjust or inequitable, to the party to whom the promise is thus imputed, to so imply it. *Skeen v. Johnson*, 55 Mo. 24; *Kuntz v. Livingston*, 15 Cal. 344; *Cary v. Curtis*, 3 How. (U. S.) 235.

It is quite clear that the facts as found by the court bring this case within the principle just stated. The evidence was submitted to the court without the intervention of a jury and we must assume the facts to be as it found them. *Swayze v. Bride*, 34 Mo. App. 414; *Gains v. Fender*, 83 Mo. 509; *Hamilton v. Boggess*, 63 Mo. 233. We cannot review the finding of the court upon the facts. *Fulkerson v. Mitchell*, 82 Mo. 14; *Avery v. Fitzgerald*, 94 Mo. 204; *Huckshone v. Hartwig*, 81 Mo. 648.

Was the court authorized in its finding and judgment to direct the plaintiffs to amend their petition so as to conform to the facts proved? The statute answers this question in the affirmative. R. S., sec. 3567. The rule is to allow amendments, the exceptions to refuse them. Amendments should be liberally allowed in furtherance of justice. *House v. Duncan*, 50 Mo. 453; *Carr v. Moss*, 87 Mo. 477. The allowance of amendments of pleadings is discretionary with the court. *Ensworth v. Barton*, 67 Mo. 622. When a party fails to prove the allegations in his pleadings, but

does prove facts entitling him to recover, he should be allowed to amend his petition to correspond with the proof. *Barley v. Bates*, 2 Mo. App. 139. The suit was to recover five hundred dollars which the plaintiffs alleged the defendants had refused to pay. The court found the plaintiffs were entitled, upon the facts proved, to recover, and directed the allegations of the petition to be amended to meet the proof. There had been no objections lodged against the admission of the evidence. The court, upon its own motion, and in furtherance of justice, directed the plaintiff to so amend the petition that its finding would have the support of a proper amendment therein. This was accomplished by an allegation for money had and received, which, we think, in connection with the other allegations of the petition, stated the plaintiff's cause of action sufficiently well to support the finding and judgment.

But the defendant objects that since the additional allegation ordered by the court was not bodily inserted in the petition that for that reason the judgment should be reversed. While this was, perhaps, the proper way to have "inserted" the allegation in the petition (sec. 3567), still we do not think the irregularity fatal to the judgment. And especially so in view of the fact that no prejudice is perceived to have resulted to defendants and of the various provisions of the statute in relation to errors and defects in pleadings and proceedings and the effect thereof. R. S., secs. 3569, 3570, 3582 and 3583.

The defendant is entirely mistaken in supposing the amendment in question changed substantially the plaintiff's claim. The petition was, in effect, an action for money had and received. The plaintiffs, in their petition, endeavored to allege facts in respect to the payment and receipt of the money from which the law would imply a promise to pay. The court found

facts from which the law would imply a promise to pay but the facts so found were not all alleged. The order was for the accomplishment of this, and which we think was permissible.

II. The defendant's further contention is that he was taken by surprise by the action of the court in directing the amendment. We are precluded from a consideration of this objection for the reason that the defendant did not file the affidavit required by the statute. R. S. 3565; *Hoyt v. Quinn*, 20 Mo. App. 72; *Olmstead v. Smith*, 87 Mo. 602.

III. The point that the court should have set aside its findings because of newly discovered evidence, must be ruled against the defendant. The affidavits which are set forth in the defendant's abstract do not show the measure of diligence enjoined by law upon a party endeavoring to discover and obtain such evidence.

Besides, such supposed newly discovered evidence is entirely cumulative in its nature. *Cook v. Railroad*, 56 Mo. 380; *Culbertson v. Hill*, 87 Mo. 553; *State v. Butler*, 67 Mo. 59; *Schmidt v. Rose*, 6 Mo. App. 588; *State v. Ray*, 53 Mo. 345; *Maxwell v. Railroad*, 85 Mo. 95.

IV. As to the admission of oral evidence of the contents of the contract mentioned in the petition, we think the court erred, but such error was against the plaintiff, since, as we have seen, the execution of the contract as alleged in the petition stood admitted by the answer.

V. The defendant successfully demurred to the plaintiff's original and first amended petition. This was the extent of the amendments upon demurrer or motion to strike out. The power of the court to permit further amendments under the statute was not then exhausted. There was no third petition adjudged insufficient upon demurrer or motion to strike out, and consequently the court was not interdicted by statute from allowing the

third amendment to be filed.   *Spurlock v. Railroad*, 93 Mo. 1.

Discovering no errors prejudicial to the defendant (*Holladay v. Lanford*, 2 Mo. App. 549; *Haskinson v. Adkins*, 77 Mo. 537), and believing it for the right party (*Deal v. Cooper*, 94 Mo. 62; *Nelson v. Foster*, 66 Mo. 381; *Moore v. Mountcastle*, 72 Mo. 605), we do not feel at liberty to disturb the judgment, which is affirmed.   ELLISON, J., concurs; GILL, J., not sitting.